UNITED STATES EX REL. KASSIN *v.* MULLIGAN, U. S. MARSHAL, ET AL.

No. 569.   Argued April 2, 1935.—Decided May 13, 1935.

*Mr. David P. Siegel* for petitioner.

*Assistant Solicitor General MacLean,* with whom Solicitor General *Biggs* and *Messrs. Harry S. Ridgely* and *W. Marvin Smith* were on the brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner by writ of habeas corpus in the district court for southern New York sought to test the validity of his

commitment by a United States commissioner in proceedings for removal under R. S., § 1014, 18 U. S. C., § 591. After hearing upon the transcript of the proceedings before the commissioner, the district court dismissed the writ. The Circuit Court of Appeals affirmed. 73 F. (2d) 274. The questions presented are: Whether, as the Circuit Court of Appeals held, review of the commissioner's decision ends when the court is assured that he has honestly considered all the evidence presented to him. Is the evidence sufficient to warrant petitioner's removal? Should the commissioner's findings be set aside for error in the admission of evidence?

Petitioner and six others were indicted in the southern district of Florida for conspiracy, 18 U. S. C., § 88, to misapply, and for the misapplication of, funds of a bank in violation of 12 U. S. C., § 592. Overt acts alleged against him are that, under the name of Arthur Starke, he registered at a Jacksonville Beach hotel and rented a safe deposit box at a St. Augustine bank. He was found in the southern district of New York, and complaint was made to a commissioner in that district praying his arrest and removal for trial. He was brought before the commissioner and, at the hearing that followed, the United States produced a certified copy of the indictment and called witnesses whose testimony tended to prove that petitioner committed the overt acts and that on one occasion when he visited the safe deposit box a codefendant, Goldberg, was with him.

Petitioner admitted the overt acts. But he said: He had no connection with the conspiracy and did not know any of the persons accused. He went to Florida to engage in business with one Finberg, who died before the hearing, and for that purpose brought a large sum of money for the safe-keeping of which he hired the box. He assumed the false name at Finberg's suggestion in order to keep secret their connection. He had never been convicted of crime.

It was stipulated that, if called as witnesses, certain persons acquainted with petitioner would testify that his reputation for honesty and veracity was excellent. He introduced depositions of five persons implicated, three of whom were codefendants. They testified that they did not know petitioner or have any knowledge of his participation in the offenses charged. Two of them, professing to know all who were involved, definitely asserted that petitioner was not one of them. The other three did not know all the conspirators. Goldberg refused to depose; the other two defendants did not testify. The government called a special agent of the Department of Justice as a witness in rebuttal. The commissioner, notwithstanding objection that it was incompetent, received his testimony to the effect that both before and after giving their depositions two of the deponents, who had sworn that they did not know petitioner, had said that they did know him and that he had participated in the crimes. The commissioner found that there was probable cause to believe that petitioner had committed the offenses and held him to await the action of the district judge.

Removal from one federal district to another under § 1014* is unlike extradition or interstate rendition, in

---

* For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any United States commissioner, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any State where he may be found, and agreeably to the usual mode of process against offenders in such State, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case. Where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the dis-

that the protection owed by a sovereign to those within its territory is not involved. *Beavers* v. *Henkel,* 194 U. S. 73, 82–83. A person accused by indictment and found within the district where he is wanted is not entitled to a hearing in advance of trial. *Beavers* v. *Henkel, supra,* 84. The statute gives such a right to one otherwise accused. There is no constitutional right to a hearing in advance of removal. Undoubtedly, Congress has power to direct that accused persons be taken, immediately and without hearing, before the court for trial. *Hughes* v. *Gault,* 271 U. S. 142, 149, 152. But, as otherwise hardship and injustice might result, it has given a right to examination and hearing. *Beavers* v. *Henkel, supra,* 83. *Tinsley* v. *Treat,* 205 U. S. 20, 29. *Hughes* v. *Gault, supra.* In removal proceedings, the case of an indicted person is to be distinguished from that of one accused only by complaint filed with the commissioner. Identity being shown or admitted, the indictment without more prima facie requires the order of removal. *Greene* v. *Henkel,* 183 U. S. 249, 262. *Benson* v. *Henkel,* 198 U. S. 1, 10–12. *Hyde* v. *Shine,* 199 U. S. 62, 84. *Haas* v. *Henkel,* 216 U. S. 462, 481. Evidence is required to support the allegations of the complaint.

It may not with perfect accuracy be said, as in some removal decisions it has been said or implied, that the indictment is evidence of the facts that it alleges. But it fulfills the constitutional requirement (Amendment V), establishes probable cause (Amendment IV) and is itself authority to bring the accused to trial. In the absence of evidence requiring a finding that there is no ground for the prosecution, the government is entitled to an order for

---

trict where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had.

removal. *Beavers* v. *Haubert,* 198 U. S. 77, 90. *Price* v. *Henkel,* 216 U. S. 488, 493. Cf. *South Carolina* v. *Bailey,* 289 U. S. 412, 420. The indictment is not conclusive, for under § 1014, the petitioner has the right to introduce evidence in opposition to the showing made against him. *Tinsley* v. *Treat, supra,* 32. But as the order of removal adjudges nothing affecting the merits of the case and amounts to no more than a finding that the accused may be brought to trial, the commissioner is without power to rule on disputed questions of law whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. *Henry* v. *Henkel,* 235 U. S. 219, 229. *Stallings* v. *Splain,* 253 U. S. 339, 344–345. *Morse* v. *United States,* 267 U. S. 80, 83. And for like reasons he may not decide controverted or doubtful issues of fact. *Rodman* v. *Pothier,* 264 U. S. 399, 402. In view of the delays and obstructions that it is possible for persons accused to obtain and interpose by misuse of the right to be heard before removal (cf. *Salinger* v. *Loisel,* 265 U. S. 224, 238), § 1014 is to be construed quite favorably to the government's applications. *Benson* v. *Henkel, supra,* 15. *Haas* v. *Henkel, supra,* 475.

The application for the writ of habeas corpus alleges that the evidence adduced by petitioner overwhelmingly established his innocence, completely destroyed the presumption of probable cause emanating from the indictment and established the lack of probable cause to believe him guilty. By reference, it includes a transcript of the evidence and asserts that the finding and order of the commissioner are contrary to law. Respondent's return puts in issue these allegations. The question so raised is whether petitioner is unlawfully deprived of his liberty. He was entitled to introduce evidence to prove the absence of probable cause and to have the commis-

sioner judicially consider it. We have held that exclusion of competent evidence is a denial of right given by § 1014. *Tinsley* v. *Treat, supra.* Equally repugnant to the statute is refusal to consider evidence in favor of the accused. Arbitrary or capricious appraisal of evidence or disregard of facts indubitably established is in legal effect failure to consider, the equivalent of the exclusion that we have condemned, and denial of the right to be heard before removal.

The lower courts were successively called on to decide on the merits of petitioner's claim. A memorandum opinion of the district court shows that it considered the evidence in detail and found that the commissioner's decision would have been amply justified even if he had not admitted the impeaching testimony introduced by the government in rebuttal. The Circuit Court of Appeals following its earlier decision, *United States* v. *Pulver,* 54 F. (2d) 261, declined to examine the evidence upon the ground that "our review of his [the commissioner's] decision ends as soon as we are assured that he has honestly considered all the evidence presented to him. No matter how flagrantly mistaken he may be in the result, a court will go no further." We disapprove that declaration. By the appeal that court was called on to examine the evidence and to decide whether it was sufficient to require a finding that there was no substantial ground for bringing the petitioner to trial on any charge specified in the indictment.

We find that the evidence fails by far to measure up to that standard, and approve the decision of the district court. The lower courts rightly held that the admission of the rebuttal testimony of which petitioner complains does not require that the commitment be set aside.

*Affirmed.*