BARROW v. OWEN.

No. 8313.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1937.

C. L. Tubb, of Aberdeen, Miss., for appellant.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, held under a fugitive complaint, sued out a writ of habeas corpus to obtain his release from custody, and prevent his removal to Louisiana to stand trial for violation of 18 U.S.C.A. § 408e, the fugitive felon act. His claim was that his arrest, detention, and proposed removal were without authority of law, in that (a) he was not guilty of the charge of rape made against him in the state court; (b) that he did not leave Louisiana to avoid prosecution for that offense; and (c) that the fugitive felon act is unconstitutional, null, and void.

The marshal's return to the writ was that appellant had been taken into his custody and was being held (1) by virtue of a warrant of arrest issued by the United States Commissioner, in proceedings to remove the appellant to the Eastern District of Louisiana, to answer a charge of violation of 18 U.S.C.A. § 408e there pending against him, and (2) by virtue of a complaint charging him with a violation of 18 U.S.C.A. § 753h, the escape act. This was the evidence offered on the hearing: The complaint charging violation of the escape act, copy of the complaint filed before the United States Commissioner for the Eastern District of Louisiana, charging that in violation of 18 U.S.C.A. § 408e, appellant did unlawfully, knowingly, and willfully move and travel from the parish of Jefferson, state of Louisiana, to Columbus, state of Mississippi, to avoid prosecution for a felony, to wit, rape; copies of the state court proceedings against appellant, including the indictment for rape, filed August 2, 1935, the appearance bond and judgment of forfeiture on the bond, November 6, 1935.

Appellant admitted his identity, and that the indictment had been returned and the complaint filed against him. He denied that he was guilty of the state offense, and of both of the federal offenses charged against him.

As to the complaint charging violation of the escape act, he specifically and abundantly established, and the court found that it was unwarranted. As to the state offense charged against him, appellant testified over the objection of the respondent as to any evidence touching the guilt or innocence of relator as to the rape charge, or the charge of unlawful flight to avoid prosecution in the Eastern District of Louisiana, and with the ruling reserved by the court, to the following facts: Though raised in Columbus, Miss., he had for some time been working in New Orleans, La., for the Southern Pacific Railway Company. Learning that a charge of rape upon a nine year old girl on July 21, 1935, had been made against him, he at first took the accusation lightly, but later, becoming worried about it, took it up with the child's father, a friend of his, as he thought, who assured him the report was bunk, and he would put a stop to it. He was, however, arrested and on July 29, 1935, gave an appearance bond of $2,500, returnable Monday, November 4, 1935. After the bond was executed, his attorney told him that he could go anywhere so long as he left his address; to keep in touch with him and he would advise him when he was needed, and that he had kept him informed of his whereabouts. Having made bond, and believing he could go where he pleased, and not at all to avoid prosecution, he left New Orleans on August 1 and came to Columbus on November 2, 1935, where his family was living. He has since lived at Columbus, operating a sandwich shop and restaurant on one of the main streets. From the time he left New Orleans until the time the federal officer came saying he had papers for him, he did not keep his whereabouts secret. In June, 1936, he went back to New Orleans to resign his position as secretary of the Railway Workers of Louisiana, registered at a hotel in his own name, and stayed three days, going all over New Orleans and visiting friends. He knew his bond specified that he was to appear on Monday, the 4th of November. He did not know the indictment was found on August 2d. He did not escape from custody at Columbus.

In addition to this testimony, appellant produced witnesses who confirmed his statement that he operated a restaurant publicly and openly and lived in the town like any other citizen. Whereupon the court ruled (1) that the escape charge was not a valid one, because there had been no arrest. (2) That the testimony should have been confined to the determination of two issues, (a) identity—Is relator the man named in the warrants? (b) Is he

lawfully held? Are the warrants regular on their face and based on valid and constitutional statutes?

He therefore excluded as incompetent and irrelevant all testimony as to relator's guilt or innocence of the state charge of rape, and of the federal charge of unlawful flight from Louisiana to avoid prosecution. Finding the identity completely established and the fugitive felon act constitutional, the judge dismisssed the petition, discharged the writ, and remanded appellant to the custody of the marshal.

■ Appellant insists that as the removal proceeding was based not upon an indictment, but upon a complaint, evidence was required to support its allegations, and the court erred in confining the issue to identity and the regularity of the warrants, and in excluding all other evidence. He cites numerous cases, including United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501, as holding so. Appellee, conceding that in a removal proceeding a complaint, unlike an indictment, is not evidence of probable cause, but must be supported by proof, insists that appellant mistakenly assumes this to be such a proceeding. Arguing that because the writ was sued out before, instead of after, the removal hearing, and because appellant, in addition to the fugitive complaint, was held upon an escape charge, nothing was before the court except whether the warrants under which he was held for the removal hearing and upon the escape charge were fair and valid on their face, appellee insists that the court correctly limited the hearing and his decision to this issue.

We cannot agree with appellee that this is the effect of what was done below. We think it plain that in the hearing no importance was attached to the escape charge, and that the District Judge, in refusing the writ, and remanding the prisoner considered and determined the question of removability. This is clear from his considering and determining whether the fugitive felon act, under which appellant stood charged in Louisiana, was constitutional. While no order of removal was entered, it is quite plain that the District Judge entertained the application for the writ, and conducted and disposed of the hearing as petitioner intended he should, upon the basis of the removability vel non of petitioner, and that petitioner, respondent, and the district judge intended that the disposition of the writ should determine that question.

■ We may, because all of the testimony, though finally rejected from consideration by the district judge, is in the record, take the matter the same way, and dispose of it as it is and was intended to be, a habeas corpus proceeding to prevent removal. So considering it, while it is manifest that the complaint in the Eastern District of Louisiana would not, if it had stood alone, suffice to support appellant's detention for removal, it is equally manifest that it did not stand alone, and that the evidence as a whole satisfied the requirement that in such a proceeding probable cause be shown.

■ It is true that the gravamen of the offense charged in the fugitive felon act is that the defendant fled a state with intent to avoid prosecution therein, and mere absence from the state of prosecution, though it renders one a fugitive from justice for interstate rendition, Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544, is not sufficient proof of the federal crime. But more, far more, was proved here, for while appellant accompanied each damaging fact he testified to, as to the charge, his immediate departure, his abstention from the state, the subsequent forfeiture of his bond, with protestations that his acts were not intended to and should not be taken as acts of flight, the proof heavily outweighs the protestations.

■ The district judge inquired into and determined the constitutionality of the federal act under which appellant stood charged in Louisiana. That question was not properly before him. Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203; Rumely v. McCarthy, 250 U.S. 283, 39 S. Ct. 483, 63 L.Ed. 983; Rodman v. Pothier, 264 U.S. 399, 44 S.Ct. 360, 68 L.Ed. 759; United States ex rel. Kassin v. Mulligan, supra.

The statute is certainly not void on its face. Indeed, so viewed, it appears to be a reasonable exercise of federal authority in aid of the enforcement of state laws. The statute so appearing, an inquiry into its constitutionality in this proceeding, in advance of trial on the merits, would be a wholly unwarranted substitution for that trial, of trial by habeas corpus.

The judgment is affirmed.