## HAMILTON v. UNITED STATES.

### No. 8267.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1937.

W. C. Austin and Mack Taylor, both of Fort Worth, Tex., and A. S. Baskett, of Dallas, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., and A. M. Mood, Asst. U. S. Atty., both of Fort Worth, Tex.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

John E. Hamilton was arrested in Texas for removal to Missouri to stand trial under an indictment in the District Court of the United States for the Eastern District of Missouri charging him and others with having used the mails to carry out a scheme of fraud. After a hearing, the United States Commissioner found there was probable cause. In resisting an order of removal Hamilton obtained a habeas corpus before the District Judge, in his petition denying his guilt, and that he had ever been in Missouri; attacking the sufficiency of the indictment, and complaining that the Commissioner had not confronted him with the witnesses against him; had heard hearsay evidence, and that the hearing was void. No response to the writ appears in the record, but Hamilton was produced, evidence heard, and the writ was discharged and his removal ordered. On this appeal the errors assigned are: (1) The indictment states no offense; (2) there was no evidence that Hamilton has ever been in St. Louis, Mo., where the indictment was returned; (3) there was no evidence connecting him with the scheme alleged; (4) no evidence to show jurisdiction of the St. Louis courts over him; and (5) a photograph of him was allowed in evidence to identify him as the person indicted.

Each assignment we find to be without merit. The indictment with apparent regularity and sufficiency charges that Hamilton and several other named persons, after having devised a scheme to defraud the public, especially those desiring the services of chiropractors, by issuing fictitious and false certificates and diplomas to unqualified persons, with details fully set forth, thereafter for the purpose of executing the scheme mailed, and caused to be mailed, at St. Louis eight letters, each of which was made the subject of a separate count. None of the letters was signed by Hamilton.

On an application for removal the indictment is not so much a criminal pleading as evidence that the person arrested is regularly and by competent authority charged with crime. "Identity being shown or admitted, the indictment without more prima facie requires the order of removal." United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 397, 55 S.Ct. 781, 783, 79 L. Ed. 1501. Even though the indictment be subject to attack in some respect before the court which found it, if it is in the language of the statute and sets out the substance of an offense so as to apprise the accused of the nature of the charge against him, it is sufficient on a proceeding for removal. Benson v. Henkel, 198 U.S. 1, 25 S.Ct. 569, 49 L.Ed. 919; Morse v. United States, 267 U.S. 80, 83, 45 S.Ct. 209, 210, 69 L.Ed. 522. This indictment is amply sufficient. Its charge against Hamilton is direct and explicit. It is argued that the scheme alleged is only one to enable others than the defendants to cheat the public with false diplomas, but whether that be a scheme within the statute is a question for the trial court. The Commissioner in a removal proceeding is without power to settle disputable questions of law arising on the indictment or the statute on which the indictment is founded. United States ex rel. Kassin v. Mulligan, supra. No evidence was produced that Hamilton was never at St. Louis as his petition states, but his presence there was not at all necessary if in fact he joined in the scheme alleged and in causing the letters to be there mailed. The record contains a written admission of his being the person indicted. The witnesses he produced sought only to explain or dispute some evidence of probable cause offered by the United States in addition to the indictment. He himself did not testify. There was no demonstration of innocence. No proof at all was made of the alleged unlawfulness in the proceedings before the Commissioner. The judge was well warranted in discharging the writ of habeas corpus.

Affirmed.