998

**GIBSON v. STILES, United States Marshal.**

**No. 8461.**

Circuit Court of Appeals, Fifth Circuit.

July 2, 1937.

W. B. Harrell, of Dallas, Tex., and R. N. Grisham, of Tyler, Tex., for appellant.

Steve M. King, U. S. Atty., of Beaumont, Tex., George P. Red, Asst. U. S. Atty., of Houston, Tex., and Richard H. Hill, Sp. Asst. to the Atty. Gen., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was ordered removed from Tyler, Tex., in the Eastern District, to Houston, Tex., in the Southern District, to answer to an indictment returned against him and a number of other individuals and corporations, which charged a conspiracy to violate the act of Congress of February 22, 1935, known as the Connally Act (15 U.S.C.A. § 715 et seq.). He sued out a writ of habeas corpus, which after a hearing was dismissed. This appeal followed.

The only objection made to the indictment in the petition for habeas corpus is that the Connally Act is unconstitutional on various grounds. So far as the record discloses, there was nothing before the District Court but the petition for habeas corpus and a copy of the indictment. The indictment is sufficient in form to charge the offense and made prima facie proof of probable cause. There is nothing to show appellant offered evidence to rebut this presumption or denied identity. The constitutionality of the law, which the defendants are alleged to have conspired to violate, is a question to be decided by the trial court and not upon habeas corpus to prevent removal. Furthermore, we have heretofore held the act to be constitutional. The writ of habeas corpus was properly denied. The following authorities support these conclusions: U. S. ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; Griswold v. President of the U. S. (C.C.A.) 82 F.(2d) 922; Barrow v. Owen (C.C.A.) 89 F.(2d) 476; Hamilton v. U. S. (C.C.A.) 90 F.(2d) 996, decided June 25, 1937.

Affirmed..