**ADAMS v. CLARK, U. S. Marshal.**
No. 8826.

Circuit Court of Appeals, Ninth Circuit. Nov. 15, 1938.

[7] See, also, Gnerich v. Rutter, 265 U. S. 388, 44 S.Ct. 532, 68 L.Ed. 1068.

Otto Christensen, of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Norman W. Neukom, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

From an order discharging a writ of habeas corpus, granted on petition of appellant, a prisoner, to test the validity of a warrant of removal, this appeal was taken. The only question at issue, necessary to notice, is whether or not the Act of June 29, 1938, Ch. 806, 28 U.S.C.A. § 463(a), removed the appellate jurisdiction of this court to hear the cause.

On January 12, 1938, an indictment was returned in the United States District Court for Nevada, charging that Charles Cheney, Roxie Cheney, Eugene Cheney, Phil Rubin, and Ruth Adams (who is the appellant here) conspired to violate 26 U.S.C.A. § 1043 and 21 U.S.C.A. §§ 173, 174, contrary to 18 U.S.C.A. § 88. On February 8, 1938, a United States Commissioner in California ordered that appellant be removed to Nevada for trial pursuant to 18 U.S.C.A. § 591. Appellant, not having furnished the bail fixed by the Commissioner, was taken into custody. On the same day appellant filed a petition for a writ of habeas corpus in the court below, alleging that her detention was unlawful because the testimony of her witnesses at the hearing before the Commissioner "established lack of probable cause to believe her guilty" and "required a finding by said United States Commissioner that there was no substantial ground for bringing the petitioner to trial on the charge specified in" the indictment, which evidence "was not rebutted by any evidence on behalf of the United States". On the same day the court below ordered that the writ prayed for issue, returnable on February 14, 1938. The writ issued on the following day, and was discharged by order of the court below on February 21, 1938. Appellant petitioned for an appeal, which was allowed, and furnished a supersedeas and cost bond, which was approved, all on February 21, 1938.

At the time the appeal was taken, 28 U.S.C.A. § 463(a) provided that: "In a proceeding in habeas corpus in a district court * * * the final order shall be subject to review, on appeal, by the circuit court of appeals of the circuit wherein the proceeding is had. * * *" The Act of June 29, 1938, 28 U.S.C.A. § 463 (a), amended that provision by adding a proviso thereto providing: "That there shall be no right of appeal from such order in any habeas corpus proceeding to test the validity of a warrant of removal issued pursuant to the provisions of * * * [18 U.S.C.A. § 591] or the detention pending removal proceedings * * *." Since the appeal was taken prior to the adoption of the act, the question arises as to whether or not this court now has jurisdiction.

Appellant seems to assume, in any event he does not question, that this court no longer has jurisdiction of the appeal, and that the same must be dismissed (as was held in Hartman v. Sloan, 3 Cir., 99 F.2d 942, Nov. 1, 1938, and United States v. Hammond, 5 Cir., 99 F.2d 557, November 4, 1938, deciding the identical question here), unless, as appears from his sole contention, § 299 of the Judicial Code, 36 Stat. 1169, 28 U.S.C.A. § 442 requires that the statute be considered as not applicable. The Act of March 3, 1911, Ch. 231, 36 Stat. 1087, 1168, known as the Judicial Code, by § 297 repealed specified acts, and provided that: "* * * all other Acts and parts of Acts, in so far as they are embraced within and superseded by this Act, are hereby repealed; the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this Act had not been passed."

Section 299, insofar as is here material, provided: "The repeal of existing laws, or the amendments thereof, embraced in this Act, shall not affect * * * any suit or proceeding, including those pending on * * * appeal * * * pending

at the time of the taking effect of this Act, but all such suits and proceedings * * * may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

The act was effective on January 1, 1912, § 301, 36 Stat. 1169.

Appellant seems to contend that the Act of June 29, 1938, 28 U.S.C.A. § 463(a), is not applicable, because it is an amendment of a law embraced within the Judicial Code and modified by § 299. However, even if it is, we think it is immaterial, because § 299 of the Judicial Code expressly limits its application to an appeal "pending at the time of the taking effect of this Act". Since the instant cause was not pending on January 1, 1912, § 299 of the Judicial Code does not preclude application of the Act of June 29, 1938. We therefore believe that the appeal should be dismissed.

Appeal dismissed.