**UNITED STATES ex rel. PLATT v. JAEGER, United States Marshal.**

**SAME v. VISEL, United States Com'r.**

**Misc. Nos. 34, 35.**

District Court, E. D. New York.

June 1, 1939.

McCabe, O'Dougherty · & Lee, of Brooklyn, N. Y. (Harold St. L. O'Dougherty, of Brooklyn, N. Y., of counsel), for the motions.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (Albert Lyons, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), opposed.

BYERS, District Judge.

Hearing on writ of habeas corpus procured by Moe Platt, the above-named relator, to test the legality and sufficiency of removal proceedings to the Western District of Pennsylvania.

It appears that, by decision of January 27, 1939, the Commissioner held the defendant for removal and trial under the indictment in the District Court of the United States for the Western District of Pennsylvania No. 10,039, and thereafter the defendant gave bail in the amount fixed by the Commissioner, to appear for trial in that court; seemingly no order was entered directing the issuance of a warrant of removal.

The petition alleges that, in consequence of the finding of the Commissioner, the petitioner was taken into custody by the United States Marshal for this district on May 15, 1939, and is now actually imprisoned and restrained of his liberty.

The Marshal's return states that on January 27, 1939, the day that the Commissioner found that there was probable cause and ordered that the relator be held subject to the order of this court for removal, the said Moe Platt, as principal, and the National Surety Company with others, as sureties, entered into bonds for the appearance of the said Moe Platt before the District Court for the Western District of Pennsylvania when notified by mail by the United States Attorney for the said district.

That on May 15, 1939, the sureties on the aforesaid bonds appeared before the said Commissioner and surrendered the relator to the custody of the United States Marshal for this district.

Further: "That said Moe Platt has waived his right to a review of the holding of the aforesaid Commissioner by the District Court and has abandoned said right by electing to give and having given bail for his appearance and trial in the District Court for the Western District of Pennsylvania.

"That I certify to all the foregoing and have here the body of said Moe Platt as and by the said writ I am commanded."

By supplemental and additional return, the Marshal asserts that the writ should be dismissed because the surrender of the relator above referred to was not pursuant to Title 18, U.S.C. § 599 [18 U.S.C.A. § 599] or to any other provision of law, "but was contrary thereto, and in violation of said section and was therefore void and a nullity. The Marshal and Commissioner were without authority in law to accept said surrender and said Commissioner was without authority in law to recommit Moe Platt to the custody of said Marshal, and said Commissioner was without authority in law to endorse on the recognizance, or on a certified copy thereof, the discharge and exoneretur of the bail. Furthermore, said Commissioner was without authority by any means to accept the surrender of said relator and to effectuate the discharge and exoneretur of the bail. Wherefore, in law and in fact, there never was and there is not now any surrender of said relator and any discharge and exoneretur of the bail, but said bail was then and is now in full force and effect with respect to said relator, so that there never was, nor is there now in law or in fact any retention of said relator. Relator, therefore, was not then, and is not now, actually restrained in law or in fact, so as to be entitled to a writ of habeas corpus."

The remaining allegations of the supplemental return need not be quoted for present purposes.

The writ of habeas corpus was accompanied by a petition for a writ of certio-

rari to review the said removal proceedings.

Before consideration can be given to the latter, it is necessary to decide the issue raised by the Marshal in his return to the habeas corpus.

■ The contention of the Government is thought to be correct.

When the removal was ordered, the relator did not at once take the proper steps to secure a review of the proceedings before the Commissioner, but acquiesced therein exactly as though he had continued in custody and been removed to the Western District of Pennsylvania for trial, because what he did was to give bail in lieu of so doing; that being so, it would seem to follow that the only proper surrender under that bail would be to the court from which the indictment issued, and the arrest of the relator by the sureties in this district was without legal force and effect, and should therefore be disregarded in testing his present right to review the removal proceedings.

The subject has received careful attention in the case of United States v. Peckham, 143 F. 625, in the Northern District of New York, and it is quite unnecessary to add anything to what is said in the opinion in that case, which contains a full discussion of the subject. See also Stallings v. Splain, 253 U.S. 339, 40 S. Ct. 537, 64 L.Ed. 940; United States ex rel. Walmer et al. v. Tittemore, Marshal, et al. 7 Cir., 61 F.2d 909.

Accordingly the writ is vacated and the relator remanded into custody for removal to the Western District of Pennsylvania.

The proceedings before the Commissioner have been examined, on the theory that the foregoing disposition of the habeas corpus shall be held to be erroneous on appeal.

■ The indictment charges the defendant and six others with violating the Securities Act of 1933, as amended June 6, 1934 (Title 15, U.S.C., § 77q (a), (1), (2), 15 U.S.C.A. § 77q (a) (1, 2); Title 18, U.S.C. § 338, 18 U.S.C.A. § 338) and with entering into a conspiracy so to do, in connection with the sale of certain mining stock called for convenience "Backbone stock".

The means described in the indictment involve manipulation and deception.

The proceedings before the Commissioner have been examined with the requirements in mind as stated by the Supreme Court in United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 783, 79 L.Ed. 1501, the latest decision by that Court on the subject of the nature of the duties of the District Court in such cases.

The identity of the relator as one of the defendants named in the indictment is clearly established.

It does not appear that competent evidence offered on his behalf was excluded.

The relator did not point out in either oral or written argument any instance of "Arbitrary or capricious appraisal of evidence or disregard of facts indubitably established" (United States ex rel. Kassin v. Mulligan, supra).

For the defendant it was shown that the complaining witness Tufts made only an indifferent showing of having been defrauded, although perhaps he was overpersuaded by McKay not to sell the Backbone stock when he could have done so at a profit. McKay's association with Platt in the entire enterprise is clearly to be inferred from the testimony and exhibits.

The considerable trading in the stock, if it can be so described, was not inconsistent with manipulation, in view of Platt's operations and extensive control over a large portion of the capital stock of the company. The entire issue was 300,000 shares and he is shown to have held an option on 150,000.

It cannot be said that he was shown not to have been in a position to do, directly or indirectly, the things charged against him and his co-defendants named in the indictment, and since the evidence offered at the hearing was almost entirely confined to the testimony of those who would not necessarily be familiar with the issues, it does not seem to lie with this court to hold that the defendant should not have been held for removal.

Writ of habeas corpus dismissed and relator remanded.