**UNITED STATES ex rel. CHANNELL v. JAEGER, U. S. Marshal.**

No. 75.

District Court, E. D. New York.

Jan. 25, 1940.

The relator claims that the evidence adduced before Commissioner Epstein was insufficient to show probable cause of believing the petitioner guilty of the offense charged in the complaint to warrant his removal.

The complaint and warrant to apprehend the relator issued by a United States Commissioner for the Southern District of Florida charges him with violation of Section 408e, Title 18 of the United States Code, 18 U.S.C.A. § 408e, in that he "did unlawfully move and travel in interstate commerce from the state of Florida, County of Dade to Mineola, Nassau County, New York; to avoid prosecution for burglary on March 2nd, 1939 at Miami Beach, Dade County, Florida." The complaint, warrant and return of the Sheriff of Dade County, Florida, are attached to the complaint and warrant issued by the United States Commissioner for the Southern District of Florida. These papers show that the relator has a charge of burglary pending against him in the State of Florida. The warrant issued by the United States Commissioner for the Southern District of Florida is upon the ground that the relator violated Section 408e, Title 18 of the United States Code, 18 U.S.C.A. § 408e, known as the Fugitive Felon Act, by departing from Florida to avoid prosecution in the State Court on the charge of burglary.

■ In a removal proceeding there is a distinction between an indicted person and one accused by complaint filed with the Commissioner. This was pointed out by the late Mr. Justice Butler in the case of United States ex rel. Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 783, 79 L. Ed. 1501, wherein he stated: "In removal proceedings, the case of an indicted person is to be distinguished from that of one accused only by complaint filed with the Commissioner. Identity being shown or admitted, the indictment without more prima facie requires the order of removal. Greene v. Henkel, 183 U.S. 249, 262, 22 S.Ct. 218, 46 L.Ed. 177; Benson v. Henkel, 198 U.S. 1, 10–12, 25 S.Ct. 569, 49 L.Ed. 919; Hyde v. Shine, 199 U.S. 62, 84, 25 S.Ct. 760, 50 L.Ed. 90; Haas v. Henkel, 216 U.S. 462, 481, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112. Evidence is required to support the allegations of the complaint."

In the case of an indictment all that need be shown is the identity of the person in-

Littleton & Levy, of Mineola, L. I., N. Y. (Alvin L. Weil, of Mineola, L. I., N. Y., of counsel), for petitioner.

Harold M. Kennedy, U. S. Atty., Eastern District of New York, of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a hearing on a Writ of Habeas Corpus aided by a Writ of Certiorari.

Harold H. Channell, the relator, was remanded by United States Commissioner Martin C. Epstein of this District, to the custody of the United States Marshal of this District, to await the order of a Judge of this District, directing his removal to the Southern District of Florida. The warrant of removal was signed by one of the Judges of this Court on December 28, 1939.

948

dicted, whereas in a complaint filed with the Commissioner, the United States Attorney is required to offer proof in support of the complaint.

In view of the fact that the proof was ample that the relator is the individual charged with the offense of burglary in the State Court (Florida) (and he does not raise an issue with respect to it) and there is ample proof of his identity as well as his presence in Florida at the time of the alleged burglary (this is not questioned by him), no further proof was required before the Commissioner. It was not necessary that the United States Attorney prove the burglary in Florida. It would have been sufficient had he merely shown that a complaint was made against the relator in the State Court (Florida) for burglary, and that he was the person sought, and that a warrant had been therefore issued for his arrest by the United States Court at Florida charging him with a violation of Section 408e, Title 18 of the United States Code, 18 U.S.C.A. § 408e. See Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544. Not content with this the United States Attorney has proceeded much beyond the requirements of the case by offering proof which would warrant a jury in Florida in finding the defendant guilty of burglary.

In a removal case it is not necessary that the Government go to such length. The only proof required is the identity of the relator and that there is probable cause of believing the relator guilty of the offense charged.

The writ of habeas corpus and the writ of certiorari are dismissed.

The petitioner is remanded to the custody of the United States Marshal for the Eastern District of New York.