**UNITED STATES v. DI CAVALCANTE.**

District Court, D. New Jersey.

Dec. 4, 1940.

William F. Smith and Charles A. Stanziale, Asst. U. S. Atty., both of Trenton, N. J., for plaintiff.

Perlman & Lerner and Sol Phillips Perlman, all of Trenton, N. J., for defendant.

WALKER, District Judge.

The United States of America, by affidavit of complaint and warrant to apprehend, seeks to remove the defendant, Frank Di Cavalcante, from the District of New Jersey (his domicile) into the Commonwealth of Pennsylvania, for trial before the District Court of the United States for the Eastern District, upon Indictment No. 8343 (June Term, 1939).

The facts are:

1. The indictment charges he knowingly, unlawfully, willfully and feloniously conspired, confederated and agreed with another to avoid payment of taxes on distilled spirits from June 1, 1936, and continually to October 1, 1936. Violation of Section 37 of the Criminal Code, Title 18, U.S.C. Section 88, 18 U.S.C.A. § 88.

2. The overt act: "That on or about August 20, 1936, and at various other times, Frank Di Cavalcante, Eugene R. Di Cavalcante, the Italian Food Products Corporation of America, Inc., Sam Paoline, Angelo Risoldi, Frank Kovacs, Amerigo Paoline and the Economy Coal and Motor Freight Company, Inc., furnished and transported molasses and other materials to the premises of the W. Ellis Bergey Farm, Hubley Township, Schuylkill County, Pennsylvania, for use in the operation of an illegal still, on the said Andrew Koppenhaver tract of land in Hubley Township, Schuylkill County, Pennsylvania."

3. In 1928, Frank Di Cavalcante incorporated his food products business under the name "Italian Food Products Corporation of America, Inc.," (hereinafter referred to as "Italian").

4. Italian sold molasses to J. A. Scamacca on June 4 and 5, 1936; to Andre Pellegrino on August 15, 1936; to Luigi Diodate on August 20, 1936; to itself on August 22, 1936, and to Leon Sergi on August 26, 1936. The orders therefore were upon the National Molasses Company, Philadelphia, Pa. (hereinafter referred to as "National"), and directed it to deliver the molasses to bearer. Drivers for and trucks of Economy Coal and Motor Freight Company, Inc., called for each and every

drum so sold to J. A. Scamacca, Andre Pellegrino, Luigi Diodate and Italian, and the truck of Oscar Perna driven by Frank Randazzo, Jr., called for the 18 drums so sold to Leon Sergi. The purchase money was paid to and deposited by the corporation in its bank account. Each sale with name and address of purchaser, name of owner of truck, license number of truck and name, address and registration number of driver thereof, was reported to the Alcohol Tax Unit in compliance with Regulation No. 17, prescribed under the provisions of Joint Resolution 373 (Treasury Department, Internal Revenue), approved June 18, 1934, 48 Stat. 1020.

5. The addresses of J. A. Scamacca, Andre Pellegrino, Luigi Diodate and Leon Sergi were fictitious. The 68 drums of molasses sold to Italian on August 22, 1936, were placed; 29 drums in Bankes & Sons Warehouse, Pottsville, Pennsylvania, 39 drums in Pottsville Storage and Transfer Company, Pottsville, Pennsylvania, they were for a purchaser' who, Frank Di Cavalcante thought went by the name of Giotto. The purchaser paid $50 on account and disposition could not be shown because of alleged fire and destruction of records in the place of business of the corporation. The sale to Andre Pellegrino on August 15, 1936, discloses, that while the records of Italian show August 15, 1936, as date of sale, the records of National show delivery on August 14, 1936.

6. On August 20, 1936, molasses taken by a truck of Economy Coal and Motor Freight Company, Inc., from National was transported to the Bergey farm contiguous to the Andrew Koppenhaver tract on which an illegal still was found.

### Discussion.

The United States produced a certified copy of the indictment in question and called witnesses who identified Frank Di Cavalcante, the person whose removal is sought as Frank Di Cavalcante, the party indicted.

An indictment having been returned and identity being shown, the indictment without more prima facie requires the order of removal in the absence of evidence requiring a finding there is no ground for prosecution. United States v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501.

The defendant, in support of his contention that there is no ground for the prosecution, relies upon the sales aforesaid, the receipt and deposit of the purchase price, the report to the Alcohol Tax Unit, and good reputation.

It is true the sales by Italian and the treatment each received appear to be in the regular course of business; however, when one considers that over a relatively short period of time, a considerable amount of molasses was sold by Italian to persons who could not be found (if they ever existed), that the addresses thereof as furnished, were fictitious, that Italian acquired some molasses which it cannot account for and reported and sold under one date that which was received prior to said date, it cannot be said there is no ground for prosecution under an indictment, the gravamen of which is conspiracy to avoid payment of taxes on distilled spirits.

If pertinent, it could be successfully argued that the aforesaid does not prove the charge; however, whether or not it does is not the question, the merits of the case are not passed upon by the order of removal, which is nothing more than a finding that the accused may be brought to trial. United States v. Mulligan, supra.

Chief Justice Marshall in United States v. Burr, 25 Fed.Cas. 2, at page 12, No. 14,692a, said: "But I understand that the foundation of the proceeding must be probable cause to believe there is guilt; which probable cause is only to be done away in the manner stated by Blackstone." This was a rather naive way of putting the shoe on the other foot. In effect, it says that the judge must have probable cause to believe there is guilt when at common law it had to manifestly appear that either no such crime was committed or that the suspicion entertained of the prisoner was wholly groundless. (Cooley's Blackstone, 4th Ed., Vol. II, Chapter XXII, pages 1448, 1449; see, also, United States v. Weinberger et al., D.C., 4 F.Supp. 892, at page 900.) Deciding a suspicion is wholly groundless is far different from holding there must be probable cause to believe there is guilt.

But even if we apply the test of probable cause as established and a doubt remains on the question of whether there is probable cause to believe that Frank Di Cavalcante committed the offense with which he is charged, and there is such doubt herein, then it is this court's duty to issue a warrant for removal because the doubt

is to be resolved in the trial court. United States v. Hecht, 2 Cir., 11 F.2d 128, Edelstein v. United States, 3 Cir., 97 F.2d 271.

Conclusions of law.

The evidence is insufficient to require a finding that there is no substantial ground for bringing Frank Di Cavalcante to trial on any charge specified in the indictment.

The warrant should be presented.