**UNITED STATES ex rel. DILLING v. McDONNELL, United States Marshal.**

No. 8131.

Circuit Court of Appeals, Seventh Circuit.

Oct. 20, 1942.

Wm. Scott Stewart, of Chicago, Ill., for petitioner.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

On July 21, 1942, petitioner-appellant was indicted by the United States District Court for the District of Columbia, charged with a conspiracy to violate 18 U.S.C.A. § 11 and 50 U.S.C.A. § 34. Allegedly, she conspired to interfere with, impair, and influence the loyalty and to break down the morale of the military and naval forces of the United States. She appeared before a United States Commissioner in Chicago, Illinois, and, after a hearing, was ordered for removal. On September 18, 1942, she applied to the judges of the District Court for the Northern District of Illinois, Eastern Division, for a writ of habeas corpus on the ground that the indictment was not true and was based upon a false charge and that there was no probable cause to believe her guilty of a crime committed in the District of Columbia. The writ was issued and after a hearing the District Court denied the petitioner-appellant her discharge. On October 5, 1942, the court discharged the writ of habeas corpus and remanded the petitioner-appellant to the custody of the respondent-appellee for removal to the United States District Court of the District of Columbia.

This attempted appeal followed.

In this court the respondent-appellee has moved to dismiss the appeal and presents the question whether there is any law which gives us authority to consider the appeal.

The Constitution does not require any preliminary hearing before a person charged with a crime against the United States is brought into the court having jurisdiction of the charge. There he may deny the jurisdiction of the court as he may deny his guilt, and the Constitution is satisfied by his right to contest it there, United States ex rel. Hughes v. Gault, 271 U.S. 142, 149, 46 S.Ct. 459, 70 L.Ed. 875. Furthermore, Congress has the power to direct that an accused person be taken, immediately and without hearing, before a court for trial, United States v. Mulligan, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501, and to preclude any appeal from an order dismissing a writ of habeas corpus, since a party to a suit has no vested right to an appeal, Baltimore & P. Railroad Co. v. Grant, 98 U.S. 398, 25 L.Ed. 231.

In our case, the removal warrant seeking the removal of the petitioner was issued pursuant to c. 252 § 19, 29 Stat. 184, c. 814, 31 Stat. 956, 18 U.S.C.A. § 591. Review jurisdiction is based upon 28 U.S.C.A. § 463(a) which provides: "In a proceeding in habeas corpus in a district court, or before a district judge or a circuit judge, the final order shall be subject to review, on appeal, by the circuit court of appeals of the circuit wherein the proceeding is had: Provided, however, That there shall be no right of appeal from such order in any habeas corpus proceeding to test the validity of a warrant of removal issued pursuant to the provisions of section 591 of Title 18 or the detention pending removal proceedings."

In Hartmann v. Sloan, 3 Cir., 99 F.2d 942, the appellant, a resident of Pittsburgh, Pa., was indicted in the Western District of Wisconsin. Removal proceedings were instituted in the Western District of Pennsylvania resulting in an order of removal, a writ of habeas corpus was issued and, after hearing, discharged. On appeal, appellee's motion to dismiss was sustained on the ground that 28 U.S.C.A. § 463(a) withdrew the right to appeal. See, also, United States v. Hammond, 5 Cir., 99 F.2d 557; Adams v. Clark, 9 Cir., 100 F.2d 135; United States v. McDermitt, 3 Cir., 100 F. 2d 1022; and United States ex rel. Hagan v. Kelly, 2 Cir., 101 F.2d 1022.

We conclude there is no merit in appellant's contention that the proviso contained in 28 U.S.C.A. § 463(a) is inapplicable. Congress has, by language so plain as to admit of no doubt, expressly deprived this court of jurisdiction. The appeal must be dismissed.

It is so ordered.