UNITED STATES of America,

v.

Lawrence BROOKS, Appellant.

In re Lawrence Brooks, Petitioner.

Nos. 98–7419, 99–8043.

United States Court of Appeals,
Third Circuit.

Argued Feb. 28, 2000.

March 13, 2001.

Filed March 28, 2001.

Kim D. Daniel, Theodore B. Smith, III, (Argued), Office of United States Attorney, Harrisburg, PA, Attorney for Appellee.

Daniel I. Siegel, (Argued), Office of Federal Public Defender, Harrisburg, PA, Attorney for Appellant.

Peter Goldberger, Ardmore, PA, Attorney for Amicus-appellant National Association of Criminal Defense Lawyers.

Before ALITO and STAPLETON, Circuit Judges, and POLLAK,* District Judge.

* Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District

**OPINION SUR PANEL REHEARING**

STAPLETON, Circuit Judge:

Lawrence Brooks filed a motion in the District Court for post-conviction relief pursuant to 28 U.S.C. § 2255. He sought reinstatement of his right to appeal his conviction on the ground that the District Court failed to inform him of his right to appellate review in violation of the Federal Rules of Criminal Procedure. After an evidentiary hearing, the District Court denied Brooks' motion and he appealed to this Court seeking a certificate of appealability. He also filed an original petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 which he insisted provided an alternative basis of jurisdiction to review his claim.

We denied Brooks' application for a certificate of appealability, holding on the authority of *United States v. Cepero*, 224 F.3d 256 (3d Cir.2000), that a substantial showing of the denial of a *constitutional* right was a prerequisite to the issuance of such a certificate. *United States v. Brooks*, 230 F.3d 643, 645–46 (3d Cir.2000). We also dismissed the § 2241 petition holding that (1) § 2241 is available to a prisoner in federal custody only where the remedy provided under § 2255 is "inadequate or ineffective," (2) that Brooks had had an adequate and effective opportunity to present his claim to the District Court in the § 2255 proceeding, (3) that the unavailability of an appeal in the § 2255 proceeding under the gatekeeping provisions of § 2253 did not render Brooks' § 2255

remedy inadequate or ineffective, and (4) that, accordingly, we had no jurisdiction to entertain the original § 2241 petition. *Id.*

Following our decision, Brooks filed a petition for panel rehearing and rehearing en. banc. He there insisted, *inter alia*, that the panel's decision had failed to address his argument that the gatekeeping provisions of § 2253, as interpreted in *Cepero*, violated the Suspension Clause of the Constitution of the United States.[1] Because this issue was inadvertently not addressed in its decision, the panel voted to grant panel rehearing so that it might be resolved. Having reconsidered the arguments of the parties, we hold that § 2253 as construed by this Court in *Cepero* does not violate the Suspension Clause.

Section 9, Clause 2 of Article 1 of the Constitution mandates that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Brooks contends that § 2253, if interpreted so as to deny him an appeal to this Court from the final order of the District Court denying relief in the § 2255 proceeding, would constitute a constitutionally invalid suspension of the writ.

 As earlier noted, we have held that the gatekeeping provisions of § 2253 deprive us of jurisdiction to review the final order of the District Court in the § 2255 proceeding. We now hold that this does not constitute a suspension of the writ[2] because Brooks had a full and fair

---

of Pennsylvania, sitting by designation.

1. Brooks' petition for rehearing asserts that he challenged the constitutionality of the gatekeeping provisions of § 2253, as construed in *Cepero* on three grounds. The only constitutional attack on those provisions in the briefing before us, however, was based upon the Suspension Clause. Any other arguments have been waived. *See, e.g., United States v. Stevens*, 223 F.3d 239, 243 (3d Cir.2000); *In*

*Re Trans World Airlines, Inc.*, 145 F.3d 124, 133 (3d Cir.1998).

2. It is, of course, well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ. *United States v. Anselmi*, 207 F.2d

opportunity to test the legality of his detention in the § 2255 proceeding in the District Court and because he retains the right to file an original petition for a writ of habeas corpus in the Supreme Court of the United States. *See Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding that the original jurisdiction of the Supreme Court to entertain petitions for a writ of habeas corpus remains unaffected by the Antiterrorism and Effective Death Penalty Act).

■ "[I]t is well settled that there is no constitutional right to an appeal." *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), citing *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894) (holding that there is no right to an appeal in a criminal case under the Due Process Clause). This venerable proposition has been repeatedly applied to sustain the denial of a right to appeal from a final order of a District Court in a habeas corpus proceeding. Since 1938, the statute conferring jurisdiction on circuit courts of appeal to review final orders in habeas proceedings, now 28 U.S.C.§ 2253, has contained an exception for final orders on petitions challenging the legality of detention under federal warrants of removal.[3] Attacks on this exception have been consistently rejected by the courts. As the Court of Appeals for the Seventh Circuit succinctly put it in sustaining the constitutionality of this denial of an appeal in habeas cases: "Congress has the power ... to preclude any appeal from an order dismissing a writ of habeas corpus, since a party to a suit has no vested right

to an appeal." *U.S. ex rel. Dilling v. McDonnell,* 130 F.2d 1012, 1013 (7th Cir. 1942). Because there is no right to an appeal, this Court, as well as others, has concluded that it has no jurisdiction under § 2253 to review a final order in a habeas proceeding challenging detention under a federal warrant of removal. *Hartmann v. Sloan,* 99 F.2d 942 (3d Cir.1938); *United States ex rel. Angelica v. Hammond,* 99 F.2d 557 (5th Cir.1938); *Adams v. Clark,* 100 F.2d 135 (9th Cir.1938).

Section 2255 provides petitioners in Brooks' position as well as petitioners detained under a federal warrant of removal with an adequate and effective means of testing the legality of their detention. As the above-cited authorities make clear, the fact that Congress has chosen in § 2253 to deny them a right to appeal to a court of appeals from the District Court's disposition of their petitions does not constitute a suspension of the writ. *See also Nguyen v. Gibson,* 162 F.3d 600 (10th Cir.1998) (rejecting a Suspension Clause challenge to the gatekeeping provisions applicable to successive petitions under § 2244, based in part on the availability of Supreme Court review by way of an original habeas petition).

Having reconsidered the arguments of the parties we will deny the petition for a certificate of appealability and dismiss the § 2241 petition.

■

312, 314 (3d Cir.1953) ("To limit the prisoner to this remedy [in the trial court], except when it is inadequate or ineffective to test the legality of his detention, as Section 2255 does, is not to suspend the writ of habeas corpus.")

**3.** 28 U.S.C. § 2253(b) provides:

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.