

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2005

# Brown v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2875

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brown v. Holt" (2005). *2005 Decisions.* Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-2875
_____

JAMES ALTERIQUE BROWN

Appellant

V.

RONNIE R. HOLT
WARDEN, FCI SCHUYLKILL

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00967)
District Judge: Honorable James M. Munley
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2005

Before:  RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  September 7, 2005)

_____

OPINION
_____

PER CURIAM

James Brown appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by the District Court for the Middle District of Pennsylvania.

Brown was convicted in the District of New Jersey of possession of a firearm by a convicted felon and the failure to appear, and was sentenced to a collective term of 92 months imprisonment. In 2001, Brown filed a motion to vacate pursuant to 28 U.S.C. § 2255. The motion was denied, and we denied a certificate of appealability. Brown v. United States, C.A. No. 03-2952. In 2004, Brown filed a motion to reopen the § 2255 proceedings. The motion was denied, and we denied a certificate of appealability. Brown v. United States, C.A. No. 04-3505. This Court also denied Brown's application to file a second or successive habeas petition, in which he sought to raise claims under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). In re Brown, C.A. No. 05-1395.

Brown, who is currently confined within the Middle District of Pennsylvania, then filed a habeas petition pursuant to 28 U.S.C. § 2241, again challenging his sentence under Booker. The District Court found that § 2241 was not available to Brown and denied relief. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge to his sentence. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2241 petition may not be entertained unless a

2

motion under § 2255 would be "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Brown's claims fall within the purview of § 2255. Furthermore, as found by the District Court, Brown has not demonstrated that § 2255 is "inadequate or ineffective." Cf. Okereke, 307 F.3d at 120-21 (finding § 2255 not "inadequate or ineffective", where successive petitioner sought to raise sentencing claim based on intervening decision in New Jersey v. Apprendi, 530 U.S. 466 (2001)). To the extent Brown argues that the "inadequate or ineffective" requirement is unconstitutional, the claim is without merit. See United States v. Brooks, 245 F.3d 291, 292 n.2 (3d Cir. 2001) (recognizing that requiring federal prisoner to seek relief pursuant to § 2255, rather than § 2241, is not a suspension of the writ).

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm. Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.