**WRIGHT v. CARTIER, United States Marshal.**

**Civ. No. 50–11.**

United States District Court
D. Massachusetts.

March 10, 1950.

**22**

---

Julian D. Rainey, Boston, Mass., for plaintiff.

George F. Garrity, United States Attorney, Charles Miller, Asst. United States Attorney, both of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an application for a writ of habeas corpus and a petition for the assembling of a three-judge court to determine the constitutionality of the so-called Fugitive Felon Act, 18 U.S.C.A. § 1073. The petitioner, while serving a sentence for burglary in the State of Georgia, fled from his confinement and sought refuge in the Commonwealth of Massachusetts. He was arrested here on a warrant and complaint issued by the United States Attorney for the Southern District of Georgia charging him with violation of the Fugitive Felon Act, 18 U.S.C.A. § 1073, in that he fled from the State of Georgia to avoid prosecution for escape from confinement. The petitioner has been identified before the United States Commissioner as the person charged in the Georgia indictment, probable cause has been found to exist for charging him with violation of the Fugitive Felon Act, and he has been ordered returned to the State of Georgia.

■ The sole basis for the petitioner's writ is that the United States statute under which complaint against him has been made is unconstitutional in its mode of operation. A habeas corpus proceeding before the petitioner has been removed for trial is not the proper place to test the constitutionality of a federal statute because, although Section 2253 of 28 U.S.C.A. provides for certain appeals from the decisions of district courts in habeas corpus proceedings, it specifically withdraws the right of appeal from a decision involving a warrant of removal such as we have in this case. Singleton v. Botkin, D.C.D.C. 1946, 5 F.R.D. 173; Barrow v. Owen, 5 Cir., 1937, 89 F.2d 476. See Henry v. Henkel, 1914, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203. A hearing before a Commissioner such as was held in this case is limited to questions whether the prisoner is the person named in the complaint and whether there is probable cause to believe he is guilty so as to justify his commitment and removal for trial. Rule 40(b) (3) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. All questions as to the validity of the statute upon which the indictment is based are matters which are left for the trial court to determine.

■ However, the question remains whether this Court has jurisdiction to make this procedural ruling, however correct it may be, or whether under Section 2282 of 28 U.S.C.A. the case must be reserved for the decision of a three-judge district court, as a suit for an injunction to restrain the operation of an Act of Congress for repugnance to the Constitution of the United States. Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152, is authority for denying the jurisdiction of a three-judge court if there has not been presented a substantial federal question. Hemans v. United States, 6 Cir., 1947, 163 F.2d 228, 238, would incline this Court to such a basis for decision were it not for petitioner's allegation that the Fugitive Felon Act is invalid not because of its express provisions or purpose, but because of its mode of operation with regard to him. He says that the federal authorities never prosecute under the federal statute, but simply turn over the fugitive to the state authorities for prosecution under the state statute with the violation of which he is charged. Petitioner contends that for members of the Negro race this results in a deprivation of the opportunity at an

extradition hearing to allege that the fugitive will not be given a fair trial in the state seeking extradition and to petition exercise of executive clemency in the state of refuge to prevent his return for trial. As a further result petitioner contends that it is impossible to test the constitutionality of the Federal statute unless in this removal proceeding. In this latter connection I would expect that, if this petitioner makes demand upon the United States Court in Georgia for his prosecution so that he may there test the constitutionality of the Fugitive Felon Act, the Court will be open to him.

In any event, it is not necessary to decide whether there has been presented a substantial federal question because this petition does not request an injunction restraining the enforcement, operation, or execution of an Act of Congress for repugnance to the Constitution of the United States within the meaning of 28 U.S.C.A. § 2282. The United States Attorney for the Southern District of Georgia has requested the aid of this Court in order to enforce the Fugitive Felon Act with the violation of which petitioner is charged. Petitioner asks this Court to refuse this aid, but by doing so this Court would not enjoin the United States Attorney from enforcing the statute. He would remain free to procure petitioner's presence before the United States Court for the Southern District of Georgia by any other legal means, and the statute would remain operable. Of course it cannot be argued that a three-judge court has jurisdiction in virtue of petitioner's request that the operation of the removal procedure, authorized by Rule 40 of the Federal Rules of Criminal Procedure, be suspended, because, among other reasons, there is no contention that Rule 40 is repugnant to the Constitution of the United States.

This reasoning is re-enforced by the fact that under Section 1253 of 28 U.S.C.A. an order of a three-judge district court is, unless otherwise provided by law, appealable as of right directly to the United States Supreme Court, whereas Section 2253 of 28 U.S.C.A. expressly withdraws the right of appeal in an action such as that at bar. Plainly the reason for review by a three-judge court is the significance of the action being reviewed and the effect of deciding it upon the course of future litigation. An important factor in the operation of such review is the right of direct appeal to the Supreme Court. When that right is withdrawn much of the reason for adjudication by a three-judge court ceases to exist, and any uncertainty regarding its jurisdiction must be resolved in the negative, and against the petitioner in this proceeding.

The petition for the writ is therefore denied.