**UNITED STATES of America**

v.

**Thomas Alexander LOVE, Defendant.**

**No. 77 Cr. Misc.**

United States District Court,
S. D. New York.

Jan. 17, 1977.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., by T. Barry Kingham and Jane Parver, Asst. U.S. Attys., New York City, for United States of America.

William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, by Leonard F. Joy, New York City, for defendant.

## MEMORANDUM

MacMAHON, District Judge.

This is an application for a warrant of removal, pursuant to Rule 40 of the Federal Rules of Criminal Procedure.

It appears that Thomas Alexander Love has been indicted by a local jurisdiction in North Carolina for the crime of murder. He was arrested on January 13, 1977 by a Special Agent of the Federal Bureau of Investigation for violation of 18 U.S.C. § 1073, unlawful flight to avoid prosecution. He was brought before Honorable Martin D. Jacobs, United States Magistrate, on the same day, informed of the charges pending against him, assigned counsel, and bail was set.

The FBI Agent's affidavit, filed with the Magistrate, showed that a complaint charging defendant with unlawful flight had been filed in the United States District Court for the Eastern District of North Carolina and a warrant issued by that court for the defendant's arrest, wherever he might be found. At the time of his arrest in New York City, Love admitted that he was the person sought in North Carolina under the federal warrant.

In the proceedings before Magistrate Jacobs, Love's counsel sought to invoke the removal procedure under Rule 40(b), Fed.R. Crim.P., waived a hearing, and requested that a warrant of removal be issued. Magistrate Jacobs declined to accept the waiver and directed the government to produce the North Carolina state warrant and release Love to New York State authorities for extradition by January 21, 1977. The defendant objected to that procedure and brought this matter before this court.

Prior to the 1961 amendments to 18 U.S.C. § 1073, it was the practice for federal authorities to hold a defendant under an unlawful flight complaint until arrangements for extradition were made between the asylum and demanding states. When the necessary papers had been received by the asylum state from the demanding state, the defendant was taken before the Magistrate or Commissioner and the proceeding dismissed. The defendant was then released from federal custody and immediately rearrested by state authorities previously notified by the United States Attorney. Extradition followed. See *Wright v. Cartier*, 10 F.R.D. 21 (D.Mass.1950); see also 8A J. Moore, Federal Practice ¶ 4.05 at 40–23 (2d ed. 1976). The legislative history to the 1961 amendments to § 1073 * shows that Congress was aware that the effect of this established "practice" is "to limit the application of the Act, and, thus, the investigative efforts of the Federal Bureau of Investigation, to those criminal cases in which the State has demonstrated sufficient interest in obtaining the return of the fugitive to warrant incurring the necessary expenses incident to extradition." That purpose is reinforced by the statutory requirement of § 1073 that actual federal prosecution of state fugitives will be undertaken "only upon formal approval in writing by the Attorney General or an Assistant Attorney General of the United States."

■ Thus, actual federal prosecution for unlawful flight would appear to be limited to the most extraordinary cases.

■ Removal proceedings under Rule 40, Fed.R.Crim.P., are designed to return federal fugitives to federal custody pursuant to federal warrants based on an underlying federal offense with a view toward federal prosecution in the district where the prosecution is pending.

---

* H.R.Rep. No. 827, 87th Cong., 1st Sess. (1961), reported in U.S. Code Cong. & Ad. News (1961) at p. 3243.

Under 18 U.S.C. § 1073, however, the federal warrant simply permits federal law enforcement agents to apprehend state fugitives, release them to local authorities in the state of arrest, and allow extradition to the state in which the federal offense was committed. Unless such procedure is followed, substantial questions could be raised in the underlying state prosecution concerning the defendant's right to formal extradition proceedings and waiver of extradition pursuant to the Uniform Criminal Extradition Act, N.Y. Crim. Proc. Law §§ 570.02 et seq. (McKinney 1971).

In light of the legislative intent to use federal warrants under § 1073 as a vehicle in aid of state extradition proceedings, federal removal under Rule 40 is inappropriate in this case, for it would result in the circumvention of valid state extradition laws as well as unnecessary and extraordinary expense to the government in the transportation of prisoners throughout the country. We think it plain that Congress did not intend to alter the established practice under which those expenses and burdens were borne by the states.

Accordingly, the application for a warrant of removal is in all respects denied. SO ORDERED.