## FRANCIS v. UNITED STATES.

### (Circuit Court of Appeals, Third Circuit. March 12, 1907.)

#### No. 49.

1. POST OFFICE—WRONGFUL USE—SCHEME TO DEFRAUD—SEPARATE DEFENSES.

Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3697], provides that if any person having devised or intended to devise any scheme or artifice to defraud, to be effected by correspondence, shall in and for executing such scheme or artifice, or attempting to do so, place or cause to be placed any letter in any post office, or shall take or receive any such therefrom, he shall, on conviction, be punished, etc. *Held*, that each mailing or taking from the post office of a letter pursuant to a scheme to defraud constituted a separate offense under such section.

2. CONSPIRACY—SEPARATE OFFENSES.

Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3697], prohibits the mailing or taking from the post office of a letter pursuant to a scheme to defraud, and section 5440 [U. S. Comp. St. 1901, p. 3676] declares that if two or more persons conspire to commit any offense against the United States, and one or more of such persons do any act to effect the object of such conspiracy, all the parties to the conspiracy shall be liable, etc. *Held*, that where accused and others conspired to further a scheme to defraud through the Post Office Department, each overt act of mailing a letter pursuant to such scheme or withdrawing a letter from the post office warranted a charge of conspiracy to commit such offense, so that an indictment therefor would not shield from a subsequent indictment for another conspiracy of the same person to commit another and additional offense, though of the same kind.

3. CRIMINAL LAW—EVIDENCE—WITHDRAWAL.

Where the court in its charge directed the jury to leave out of all consideration a certain conversation admitted in evidence, such direction was equivalent to striking out the testimony, and cured any error in its admission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 2122.]

4. SAME—SENTENCE—PLACE OF INCARCERATION.

Where accused was sentenced to one year only on one of the counts of an indictment for conspiracy, the court had no power to direct that such sentence be served in a penitentiary.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 144 Fed. 520.

Henry J. Scott, for plaintiff in error.
J. W. Thompson, U. S. Atty.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error sued out by Stanley Francis to the District Court for the Eastern District of Pennsylvania. In that court Francis was indicted with others under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], on three indictments, each containing three counts, for conspiracy to commit an offense against the United States prohibited by Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3697], as amended. The allegation in substance was that Francis and others, composing the Storey Cotton Company, conspired to de-

vise a scheme to defraud persons by correspondence by inducing them to remit funds to invest in supposed cotton speculations, which speculations had in fact no existence. Section 5480 provides:

"If any person having devised or intending to devise any scheme or artifice to defraud * * * to be effected either by opening or intending to open correspondence * * * shall, in and for executing such scheme or artifice or attempting to do so, place or cause to be placed any letter * * * in any post office * * * or shall take or receive any such therefrom * * * such person so misusing the Post Office Establishment, shall, on conviction, be punishable," etc.

And section 5440:

"If two or more persons conspire either to commit any offense against the United States or . * * * and one or more of such persons do any act to effect the object of the conspiracy all the parties to such conspiracy shall be liable," etc.

On the trial the government withdrew two counts, and Francis was convicted on the remaining seven. The court imposed sentences upon him, aggregating five years, divided as follows: Under indictment 44, two years; on the first count of No. 46, two years, to commence at the expiration of sentence at No. 44; on the second count of No. 46, one year, to commence at the expiration of the sentence on the first count at No. 46. The sentence was to the Eastern Penitentiary. Thereupon Francis sued out this writ. The questions raised under the various assignments may be considered under four heads, viz.: First, the legality of the counts under which sentence was imposed; second, the application of the statute of limitations; third, the testimony of one Quinlan; fourth, the legality of the sentences.

With reference to the first question, it will be noted that in Re Henry, 123 U. S. 373, 8 Sup. Ct. 142, 31 L. Ed. 174, followed in Re De Bara, 179 U. S. 320, 21 Sup. Ct. 112 (45 L. Ed. 207), it was held:

"The act (section 5480) forbids, not the general use of the post office for the purpose of carrying out a fraudulent scheme or device, but the putting in the post office of a letter or packet, or the taking out of such a letter or packet from the post office in furtherance of such a scheme. Each letter so taken out or put in constitutes a separate and distinct violation of the act."

Now the counts here in question are each based on a letter mailed to a different person. Such mailing is a separate act, and, being done in pursuance of a scheme to defraud, constitutes an offense under section 5480. Such being the fact, it follows that a conspiracy to do that act was a conspiracy to commit an offense against the United States. This brings the case within the letter and spirit of section 5440, and warrants a charge of conspiracy to commit that particular offense. That act and offense constituting the basis of a conspiracy to commit it, it follows that an indictment therefor will not shield from indictment a conspiracy of the same person to commit another additional and separate offense, although of a like general kind, against the United States. The wording and spirit of section 5440 require such construction to fulfill its intent. We hold, therefore, that each of the counts before us covers a conspiracy indictable under section 5440. We are also of opinion the defendant was not entitled to an acquittal

by virtue of the statute of limitations. No such question was raised on the trial, and where, as here, there was a general verdict, presumably that question was, on the evidence, decided against the defendant. United States v. White, 5 Cranch, 73, Fed. Cas. No. 16,676. But apart from that we have, this being a criminal case, searched the testimony, and there is no evidence to support the contention now made. It is true the date of the letter of a third person, which is alleged to constitute an overt act starting the running of the statute, was more than three years before indictment found, but it will be noted the only thing to connect the defendant with that letter and make it an overt act was testimony that certain pencil memoranda thereon were alleged to be in his handwriting. There is, however, no testimony to show when these memoranda were made, and especially that they were in time to make the statute a bar. Moreover, the testimony is clear and uncontroverted that the defendant's connection with the alleged conspiracy began within a time when the statute would not avail.

We find also no ground for reversal in the testimony of Quinlan as to a conversation with Bradley. In its charge the court said:

"I might right here say to you, you should leave out of any consideration whatever the conversation related by Senator Bradley with Mr. Quinlan on the 16th day of March, after the receiver was appointed, because it now appears there were no letters mailed after that conversation, so that you will not take that into consideration at all."

This direction was equivalent to striking out the testimony. Penna Co. v. Roy, 102 U. S. 452, 26 L. Ed. 141.

Having disposed of these questions, the court was warranted in imposing sentence. In view, however, of the decision of the Supreme Court in Re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107, we are of opinion the sentence of one year to the penitentiary on the second count of No. 46 was illegal. With that exception the judgment will be affirmed, and in pursuance of power vested in this court (Ballew v. United States, 160 U. S. 200, 16 Sup. Ct. 263, 40 L. Ed. 388), the record will be remitted with directions to the court to enforce sentence on indictment No. 44 and the first count of No. 46.