## UNITED STATES ex rel. BERNSTEIN v. HILL, Warden.

### No. 5325.

Circuit Court of Appeals, Third Circuit.

May 8, 1934.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This is an appeal from an order by Judge Woolley declining to entertain an original petition for writ of habeas corpus. The order reads: "In order to preserve my appellate jurisdiction and to insure the orderly conduct of the business of the Circuit Court of Appeals for the Third Circuit, I decline to entertain the above-entitled petition for a writ of habeas corpus."

The appellant contends that Judge Woolley erred in entering the above order. Turning to the merits of the petition, we find that it is based upon the allegation that the District Court had no jurisdiction to impose separate sentences on the second, third, and fourth counts of the indictment, inasmuch as each of the four counts charged an identical offense and the court had exhausted its power when it imposed sentence upon the first count.

▇ 28 USCA § 452 confers power upon the judges of the Circuit Court of Appeals to grant writs of habeas corpus. This does not mean, however, that a judge of the Circuit Court of Appeals is bound to entertain such application when it might have been made to a judge of the appropriate District Court. In the instant case there were no circumstances alleged which would make it necessary for a judge of the Circuit Court of Appeals to allow the writ, since the appellant might have applied to either of two District Judges within the Middle District of Pennsylvania, where the appellant is confined. Neither is there an allegation in the petition that an application had been made to either of these judges. A refusal by Judge Woolley to take jurisdiction did not deprive the appellant from making an application to a judge of that district. Moreover, we find no merit in the grounds relied upon by the appellant in the petition for writ of habeas corpus. The appellant was tried and sentenced upon an indictment charging him with violation of 18 USCA § 338, which forbids the putting of a letter or packet in the post office or the taking out of a letter or packet from the post office in the furtherance of a fraudulent scheme. Each individual act of taking out or putting in a letter in furtherance of a scheme to defraud is a distinct and separate violation of the statute. For that reason, each violation may be separately punished. Durland v. United States, 161 U. S. 306, 16 S. Ct. 508, 40 L. Ed. 709; In re Henry, 123 U. S. 372, 8 S. Ct. 142, 31 L. Ed. 174; Spirou v. United States (C. C. A.) 24 F.(2d) 796; Francis v. United States (C. C. A.) 152 F. 155.

The order is affirmed, and the appeal dismissed.