**In re GERSING et al.**

United States Court of Appeals
District of Columbia.
Decided Oct. 28, 1944.

See, also, 78 App.D.C. 353, 140 F.2d 706.

James J. Laughlin, of Washington, D. C., for petitioner.

GRONER, C. J.

This is a petition to me for a writ of habeas corpus. Petitioners (bankrupts) have been committed to jail for failure to comply with an order entered August 23, 1944, by District Judge Goldsborough directing them to turn over to the trustee in bankruptcy certain assets found to be unlawfully withheld by them. One of the grounds on which I am asked to issue the writ is that the order directing the property to be turned over has been appealed from and the appeal is now pending in this Court. But an inspection of the record in that matter (No. 8861) shows that petitioners have taken no action to prosecute the appeal; have failed to give bond for costs, or supersedeas, and have failed to file the record in this Court within the period allowed under the rules; and there is now pending in this Court a motion to dismiss the appeal based largely on these grounds. The other grounds on which the petition to me is based appear to me on their face to be without merit. In addition to the above, it appears from the petition that application for writ of habeas corpus has been made to Judge Pine of the District Court and refused. No appeal from this order was taken; which, if taken, could on request to this Court have been heard summarily.

It is perhaps enough to say, in denial of the present petition, that under a rule of long standing in this court application to the various District Judges must first be shown. One conclusive reason for this is that otherwise the judges of this Court would lose their appellate jurisdiction. Cf. United States ex rel. Bernstein v. Hill, 3 Cir., 71 F.2d 159. The only explanation made of the failure to comply with this rule is that District Judges appealed to in the nighttime would not permit counsel to come to their homes to present the petition. Whatever the reason for that may be, there was opportunity the following day to present the petition to one of such judges, and this was not done. But, over and above all of this, I take judicial notice of the fact that on the former appeals of the two bankrupts in this case (consolidated appeals in Gersing v. Shinberg, 78 U.S.App.D.C. 353, 140 F.2d 706) it was made clearly to appear that the bankrupts by their own showing had been guilty of gross fraud upon the bankruptcy court.

In view of all of the foregoing, I am of opinion that the petition for the writ should be denied, without prejudice to the right of petitioners to apply, if they shall be so advised, to the District Judges, and it is so ordered.

It is further ordered that the present petition and this order be filed with the Clerk of the District Court, and that this order be entered in the records of said District Court.