## WRIGHT v. JOHNSTON.

District Court, N. D. California.

Oct. 31, 1947.

Cecil L. Wright, pro se.

DENMAN, Circuit Judge.

Petitioner seeks release from the United States Penitentiary at Alcatraz, California, where he has served three and one-third years of a sentence of five years upon which he pleaded guilty. Were there no further sentence he would be entitled to release under 18 U.S.C.A. §§ 710, 744h.

Petitioner is held there under sentences aggregating ten years, imposed after trial upon the following counts of an indictment in the Eastern District of Illinois: Breaking into United States Post Office, 18 U.S.

C.A. § 315; Stealing government property, 18 U.S.C.A. § 313; Conspiracy.

Petitioner claims that in the trial upon these three counts there were four other codefendants; that the district court set the case for trial one day after his arraignment; that the court appointed as counsel for petitioner and his four codefendants a negro lawyer; that petitioner advised the court that the appointed lawyer was not one of his choice and that he desired white counsel; that he requested of the court a reasonable continuance of the trial to employ counsel of his own choice to prepare his case; that the court refused and he was obliged to go to trial with counsel who had had but one day's time to prepare his defense; that at least three of the codefendants had given confessions purporting to implicate petitioner in the commission of the crimes charged; that the counsel assigned to him by the court thus owed duties to petitioner inconsistent with his duties to the codefendants who had made such confessions.

Petitioner invokes the principle established in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and claims a violation of the Sixth Amendment in denying him counsel of his own choice.

■ With respect to the contention that the district court had appointed counsel having inconsistent obligations to the five codefendants, the petitioner renews the contention made to me as circuit judge in Re Wright, D. C., 51 F.Supp. 639, which I there held beyond my jurisdiction to decide until after he had served the imprisonment portion of his five year sentence to which he had pleaded guilty. The power to issue the writ cannot be exercised where the petitioner is admittedly in lawful custody. McNally v. Hill, 293 U.S. 131, 139, 55 S.Ct. 24, 79 L.Ed 238.

■ It appears that no judge or court has had jurisdiction to pass upon the question respecting the validity of the ten year sentence until October 8, 1947. There is no showing in the instant petition that the petitioner has sought relief from any of the district judges or the district court for the Northern District of California since any judge or court has had the power to con-

sider the questions here presented. I hence refuse to consider the petition under the practice established in Sweetney v. Johnston, 9 Cir., 121 F.2d 445; United States v. Hill, 3 Cir., 71 F.2d 159.

The petition for the writ is ordered denied.