Chele **GRAHAM**, Petitioner,

v.

John de**WINTER**, United States Marshal, District of Maine, Respondent.

**Civ. No. 74–110 SD.**

United States District Court,
D. Maine, S. D.

Oct. 3, 1974.

Arthur B. LaFrance, University of Maine Law School, Portland, Me., for petitioner.

Peter Mills, U. S. Atty., Portland, Me., for respondent.

## ON PETITION FOR WRIT OF HABEAS CORPUS

COFFIN, Chief Circuit Judge.*

This is a petition for a writ of habeas corpus addressed to me as a circuit judge under 28 U.S.C. § 2241, challenging essentially the constitutionality of removal proceedings pursuant to Fed.R. Crim.P. 40(b)(3).

Petitioner, indicted in the Western District of Tennessee for conspiracy to transport obscene materials for distribution in Tennessee in violation of 18 U.S. C. § 1465, is the subject of an order for removal. Removal proceedings were conducted before the district court for the District of Maine at which a certified copy of the indictment was presented and the petitioner acknowledged her identity as one of the persons indicted.

The district court refused petitioner's request to consider the sufficiency of the indictment, the existence of probable cause, or the constitutionality of § 1465. The court relied on the construction of Rule 40 which has, with a few exceptions which the court found distinguishable,[1] been adopted by the courts, warranting no deeper probe than is necessary to establish the existence of a certified copy of the indictment and the identity of the defendant. Finally, the district court rejected the argument that Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 211, as amended, 18 U.S.C. §§ 2510–2520 entitles petitioner to a government response to her claim of illegal electronic surveillance, finding our decision in In re Ellsberg, 446 F.2d 954 (1st Cir. 1971) controlling.

Petitioner here claims that a deeper inquiry into the issues rejected by the district court is required. She argues that the exceptional cases distinguished by the court, *supra*, n. 1, establish the duty, under the rule, of a court to make such an inquiry. If the rule is construed to bar such an inquiry, petitioner contends, it is unconstitutional.

■ At the threshold I encounter the troubling question of the propriety of my considering this petition. Rule 22 of the Federal Rules of Appellate Procedure indicates that an application for habeas corpus should first be directed to the district court, and that an application made to a circuit judge "will ordinarily be transferred to the appropriate district court". Fed.R.App.P. 22(a) Section 2241(b) of the Judicial Code, 28 U.S.C. § 2241(b), provides that a circuit judge may decline to entertain an application for habeas corpus and transfer it to the district court. The Advisory Committee's Note to Rule 22(a) indicates that the rule is intended to incorporate the policy adopted by those courts which have dealt with the problem,

---

* Chief Judge, United States Court of Appeals for the First Circuit.

1. United States v. Parker, 14 F.R.D. 146 (D.D.C.1953); United States v. Wright, 15

F.R.D. 184 (D.Haw.1954); United States v. Winston, 267 F.Supp. 555 (S.D.N.Y.1967); United States v. Melekh, 190 F.Supp. 67 (S. D.N.Y.1960).

avoiding the disqualification of a circuit judge from appellate review by his disposing of the original petition for habeas corpus.[2] While in the present situation there is no question of disqualification, since 28 U.S.C. § 2253 proscribes review of orders in habeas corpus proceedings testing the validity of a warrant to remove, it seems to me highly inappropriate that a defendant should be able to raise all of the relevant issues at a removal proceeding, and then, by the simple expedient of petitioning a circuit judge for a writ of habeas corpus, secure a hearing on the same issues before a second judge. This seems contrary to the strong policy expressed in Rule 40(b)(3) and § 2253 of expediting and limiting the scope of removal proceedings. In the present instance, since the question is novel and since the district court has rather fully expressed its opinion on the issues raised, I shall not transfer the petition. However, in the future I would expect any attempt to contest removal proceedings by habeas corpus to be essayed in the district court.

Thus, I reach the merits of petitioner's challenge to Rule 40 as construed by the district court. The older authorities are clear that there is no constitutional right to a hearing prior to removal pursuant to an indictment. *See e. g.,* Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875 (1926); Kassin v. Mulligan, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501 (1935). Petitioner argues that these precedents have been overtaken by the advent of subsequent decisions establishing broad rights of due process in government proceedings affecting individual rights. *See, e. g.,* Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Board of Regents v. Roth, 408 U.S.

564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). There is no doubt that a defendant removed to a distant venue faces inconvenience, possible expense, and potentially serious dislocation of his personal affairs. But his interest in being able to launch preliminary challenges in a more convenient forum is outweighed by the government's interest in confining to a single district the drawing of the indictment, litigation of collateral challenges, and trial on the merits.

■ The difficulty, time and expense to the government, and the burden on the removal court which would be involved in the preliminary testing of indictments, probable cause, and the constitutionality of statutes seem to me to place an exorbitant price on the remedy to the problem faced by a defendant who must travel to another court within the federal system to assert the admittedly unimpaired panoply of procedural rights to which he is entitled. To permit such preliminary challenges would bifurcate the already complex criminal process, and would have the anomalous result of giving the benefit of two hearings before different judges to any defendant fortunate enough to be in another jurisdiction when demanded to answer to an indictment. I do not believe Rule 40 unconstitutionally deprives petitioner of due process. *Cf.* Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). Nor does the presence of First Amendment issues and questions of the validity of federal criminal statutes seem to me to call for the carving out of an enclave of constitutionally sensitive removal proceedings subject to more stringent procedural requirements.

Petitioner's added contention, that she was entitled to ascertain in the removal proceedings whether there had been any illegal electronic surveillance, raises the

2. United States ex rel. Bernstein v. Hill, 71 F.2d 159 (3d Cir. 1934); In re Gersing, 79 U.S.App.D.C. 245, 145 F.2d 481 (1944); In re Wright, 51 F.Supp. 639 (N.D.Cal.1942), aff'd, 137 F.2d 914 (9th Cir. 1943); Bowen v. Johnston, 55 F.Supp. 340 (N.D.Cal.1944). *Also see* Parker v. Sigler, 419 F.2d 827 (8th Cir. 1969), citing Rule 22(a).

same issue decided in *Ellsberg*. She asks me to reconsider this holding in the light of Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). Even if I as a single judge felt it proper to reconsider an opinion of the court, I am not persuaded that *Gelbard* has any relevance to the question whether the presentation to the district court in a removal proceeding of a certified copy of an indictment falls within the scope of 18 U.S.C. § 2515, which precludes the use of illegal wiretap "evidence" in any "proceeding". The Court in *Gelbard* fastidiously limited its analysis to the question whether a grand jury witness could contest an adjudication of civil contempt on the basis that his interrogation was to be based on information gleaned from illegal wiretaps.

I do not mean to imply by my rejection of petitioner's application that substantial and vexing issues may not inhere in a conspiracy charge against a performer in a film alleged to violate the standards of a community which she has never visited, for acts touting the film in a distant community. My view is simply that these issues are entrusted to the federal courts of the indicting jurisdiction.

The petition is denied.