**Salem**

DONALD EUGENE WHITE

v.

DAVID A. GARRAGHTY, WARDEN

No. 1005-85

Decided March 18, 1986

COUNSEL

Donald E. White, pro se.

Thomas D. Bagwell, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for respondent.

OPINION

COLE, J.—This is a petition for a writ of habeas corpus filed originally in this court on August 2, 1985, by Donald Eugene White, the petitioner, in which he challenges sentences imposed for criminal convictions in the Circuit Court of Rockingham County on September 12, 1980, and criminal convictions in the Circuit Court of Augusta County on October 20, 1980.

Petitioner did not appeal the convictions, nor has he previously filed any petition for habeas corpus in either state or federal court. In this proceeding the petitioner attacks the validity of his convictions on grounds of double jeopardy and ineffective assistance of counsel.

On September 6, 1985, the respondent filed a motion to dismiss the petition for a writ of habeas corpus, denied each and every allegation in the petition, and alleged that there was no merit to any of the allegations of the petitioner.

As a threshold matter, we must determine whether we have jurisdiction to entertain the petition for habeas corpus. Petitioner has filed his petition initially with us and not with the circuit courts that convicted him, asking us to take original jurisdiction in the

case.

To determine our jurisdiction in matters pertaining to habeas corpus, we must review the statutes that became effective on January 1, 1985, when this Court was established, and subsequent amendments to these statutes. From its inception this Court had original jurisdiction under Code § 17-116.04 and appellate jurisdiction under § 17-116.05.

Initially, the General Assembly at its 1983 session established our jurisdiction to be as follows:[1]

§ 17-116.04. Original jurisdiction in matters of contempt and injunctions.—The Court of Appeals shall have authority to punish for contempt. A judge of the Court of Appeals shall exercise originally the authority concerning injunctions vested in a justice of the Supreme Court by § 8.01-626.

§ 17-116.05. Appellate jurisdiction.—A. Any aggrieved party may appeal to the Court of Appeals from the entry by a circuit court of any final judgment, order, decree or conviction, or from an interlocutory decree or order, entered in a cause of chancery, granting, dissolving, or denying an injunction, in the following cases:

1. Any final conviction of a crime except where a sentence of death has been imposed. The Commonwealth or any county, city or town may appeal pursuant to this paragraph in any case in which such party previously could have petitioned for a writ of error under § 19.2-317.

2. Any final decision of the circuit court on appeal from a decision of an administrative agency and any final decision of the Industrial Commission of Virginia.

3. Any case involving affirmance of a marriage, divorce, custody, spousal or child support or the control or disposition of a juvenile and other domestic relations cases arising under Title 16.1 or Title 20, or involving

---

[1] § 17-116.01 establishes the Court of Appeals effective January 1, 1985.

adoption under Chapter 11 of Title 63.1.

B. In accordance with other applicable provisions of law, appeals lie directly to the Supreme Court from a conviction in which a sentence of death is imposed, from any final finding, decision, order, or judgment of the State Corporation Commission, and from proceedings under §§ 54-74 and 54-74.1. Complaints of the Judicial Inquiry and Review Commission shall be filed with the Supreme Court of Virginia. The Court of Appeals shall not have jurisdiction over any cases or proceedings described in this subsection.

In its 1984 session, the General Assembly amended Code § 17-116.04, effective July 1, 1984, as follows:

The Court of Appeals shall have authority to punish for contempt. A judge of the Court of Appeals shall exercise initially the authority concerning injunctions vested in a justice of the Supreme Court by § 8.01-626 in any case over which the Court would have appellate jurisdiction as provided in §§ 17-116.05 and 17-116.05:1. In addition, in such cases over which the Court would have appellate jurisdiction, the Court shall have original jurisdiction to issue writs of mandamus, prohibition and habeas corpus.

In the 1984 session of the General Assembly, Code § 17-116.05 was rewritten. Civil appellate jurisdiction was left intact in § 17-116.05. A new section, Code § 17-116.05:1, was enacted, and criminal appellate jurisdiction, including traffic infractions, was placed in this section. No substantial changes were made in the jurisdiction.[2]

---

[2] Effective July 1, 1984, our jurisdiction was:

§ 17-116.04. Original jurisdiction in matters of contempt and injunctions, writs of mandamus, prohibition and habeas corpus.—The Court of Appeals shall have authority to punish for contempt. A judge of the Court of Appeals shall exercise initially the authority concerning injunctions vested in a justice of the Supreme Court by § 8.01-626 in any case over which the court would have appellate jurisdiction as provided in §§ 17-116.05 and 17-116.05:1. In addition, in such cases over which the court would have appellate jurisdiction, the court shall have original jurisdiction to issue writs of mandamus, prohibition and habeas corpus.

§ 17-116.05. Appellate jurisdiction—

In the 1985 session of the General Assembly, substantial changes were made in Code § 17-116.05:1 pertaining to the issuance of writs of habeas corpus. After this amendment, effective July 1, 1985, Code § 17-116.05:1 read in pertinent part as follows:

Administrative agency, Industrial Commission and domestic relations appeals.— Any aggrieved party may appeal to the Court of Appeals from the entry by a circuit court of any final judgment, order, or decree, or from an interlocutory decree or order, entered in a cause in chancery, granting, dissolving, or denying an injunction, in the following cases:

1. Any final decision of the circuit court on appeal from a decision of an administrative agency and any final decision of the Industrial Commission of Virginia; and

2. Any case involving affirmance or annulment of a marriage, divorce, custody, spousal or child support or the control or disposition of a juvenile and other domestic relations cases arising under Title 16.1 or Title 20, or involving adoption under Chapter 11 (§ 63.1-238.1 et seq.) of Title 63.1.

§ 17-116.05:1. Same—Criminal cases; traffic infractions; cases over which Court of Appeals does not have jurisdiction.—A. Any aggrieved party may present a petition for appeal to the Court of Appeals from any final conviction in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed. The Commonwealth or any county, city or town may petition the Court of Appeals for an appeal pursuant to this paragraph in any case in which such party previously could have petitioned the Supreme Court for a writ or error under § 19.2-317.

B. In accordance with other applicable provisions of law, appeals lie directly to the Supreme Court from a conviction in which a sentence of death is imposed, from any final finding, decision, order, or judgment of the State Corporation Commission, and from proceedings under §§ 54-74 and 54-74.1. Complaints of the Judicial Inquiry and Review Commission shall be filed with the Supreme Court of Virginia. The Court of Appeals shall not have jurisdiction over any cases or proceedings described in this paragraph.

§ 17-116.05:4. Transitional provision—A. In any case within the appellate jurisdiction of the Court of Appeals in which the judgment or other order appealed from is entered by the circuit court on or after October 1, 1984, or by the Industrial Commission on or after November 1, 1984, appeal shall be only to the Court of Appeals. All filings, proceedings and actions shall be in accordance with the Rules of Court promulgated for the Court of Appeals. The Clerk of the Supreme Court is authorized to act as Clerk of the Court of Appeals on all matters appealed to the Court of Appeals on or before January 1, 1985. Until the judges of the Court of Appeals have qualified, any justice of the Supreme Court is authorized to exercise all powers that would be required of a judge of the Court of Appeals prior to a hearing upon any case appealed to the Court of Appeals before January 1, 1985.

B. All cases within the original jurisdiction of the Court of Appeals under § 17-116.04 shall continue to be within the jurisdiction of the Supreme Court until January 1, 1985.

§ 17-116.05:1. Same—Criminal cases; traffic infractions; cases over which Court of Appeals does not have jurisdictions.—A. Any aggrieved party may present a petition for appeal to the Court of Appeals from any final conviction in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed. The Commonwealth or any county, city or town may petition the Court of Appeals for an appeal pursuant to this paragraph in any case in which such party previously could have petitioned the Supreme Court for a writ of error under § 19.2-317.

B. In accordance with other applicable provisions of law, appeals lie directly to the Supreme Court from a conviction in which a sentence of death is imposed, from a final decision, judgment or order of a circuit court involving a petition for writ of habeas corpus, from any final finding, decision, order, or judgment of the State Corporation Commission, and from proceedings under §§ 54-74 and 54-74.1. Complaints of the Judicial Inquiry and Review Commission shall be filed with the Supreme Court of Virginia. The Court of Appeals shall not have jurisdiction over any cases or proceedings described in this paragraph.

It is clear from the 1985 amendment to Code § 17-116.05:1 (B) that effective July 1, 1985, the General Assembly terminated the jurisdiction of this Court to hear and determine appeals from a final decision, judgment or order of a circuit court involving a petition for a writ of habeas corpus.

However, the present case is not one that comes to us on appeal from a circuit court. It comes to us based upon an assertion that we possess original jurisdiction. We must, therefore, determine whether we have original jurisdiction under Code § 17-117.04 to issue writs of habeas corpus in criminal cases.

Code § 17-116.04 confers original jurisdiction to issue writs of habeas corpus "in such *cases* over which the Court would have *appellate jurisdiction.*" (emphasis added). Code § 17-116.05:1 (B) provides that *appeals* lie directly to the Supreme Court from any final decision, judgment or order of a circuit court involving a petition for writ of habeas corpus. The issue is whether Code § 17-116.05:1(B), which restricts our jurisdiction over appeals from the

circuit courts in cases *involving a petition for a writ of habeas corpus,* should be read as also limiting our jurisdiction conferred under Code § 17-116.04. We think not. We believe that the "cases" over which we have "appellate jurisdiction" are defined with reference to the subject matter of the case and not the procedural means used to raise the issues. The petition for a writ of habeas corpus is a procedural device that is used to raise a wide variety of issues that may or may not involve criminal matters. Thus, since we have *subject matter* jurisdiction over the issues raised by the appellant's petition for a writ of habeas corpus, we believe that under Code § 17-116.04 we have jurisdiction to entertain an original petition for a writ of habeas corpus filed by an inmate who wishes to challenge the validity of his detention in appropriate cases. This in no way limits the clear legislative intent expressed in the 1985 amendment that habeas corpus cases on appeal from the circuit courts go directly to the Supreme Court.

The 1985 amendment referred to above did not alter Code § 17-116.04 and we believe that sound principles of statutory interpretation require that we give effect to all provisions of the Code and recognize that we have original jurisdiction to issue writs of habeas corpus in appropriate cases. Appellate courts historically have had, and jurisprudentially should have, discretionary original jurisdiction to issue extraordinary writs in aid of their appellate jurisdiction. *See* ABA Standards Relating to Appellate Courts, § 3.00; *Dixon* v. *Thompson,* 429 U.S. 1081 (1977); *United States* v. *Hill,* 71 F.2d 159 (3rd Cir. 1934). Considering the statutory scheme in its entirety as it relates to the jurisdiction of this Court, we hold that we possess discretionary original jurisdiction to issue writs of habeas corpus in proper cases.[3]

Absent exceptional circumstances, however, we do not believe that we should consider an original petition for a writ of habeas corpus when an adequate remedy may be had in the circuit courts

---

[3] On September 3, 1985, another panel of this Court held that Code § 8.01-654(B)(1) limits the authority of the Court of Appeals to issue writs of habeas corpus in cases involving one held under criminal process. *Bullock* v. *Department of Corrections,* 1 Va. App. 70, 71, 334 S.E.2d 150, 151 (1985). The *Bullock* decision involved an original petition filed prior to the July 1, 1985, amendments to Code § 17-116.05:1. At the time of the *Bullock* decision, the Court of Appeals possessed appellate jurisdiction over decisions of the circuit courts involving petitions for a writ of habeas corpus. *Titcomb* v. *Wyant,* 228 Va. lvii, 323 S.E.2d 800 (1984), and the limiting language of Code § 17-116.05:1(B) as it affects the Court's original jurisdiction had not been enacted.

under Code § 8.01-654. We find no exceptional circumstances in this case justifying exercise of our original jurisdiction and, for this reason, we dismiss this proceeding.

*Dismissed.*

Coleman, J., and Moon, J., concurred.