JAMES ANTZES

v.

COMMONWEALTH OF VIRGINIA

No. 0460-90-4

Decided September 24, 1991

COUNSEL

Jane Arthur-Burkhart (James B. Slaughter, on brief), for appellant.

Julie Anne Stanley, Assistant Attorney General (Mary Sue Terry, Attorney General; Jane D. Hickey, Senior Assistant Attorney General, on brief), for appellee.

OPINION

DUFF, J.—James Antzes challenges the trial court's adoption of a preponderance of evidence standard of proof for a commitment hearing under Code § 19.2-181(1) following his jury acquittal of a charge of malicious wounding. He contends the burden of proof on the Commonwealth is by clear and convincing evidence.[1]

The Commonwealth challenges this Court's jurisdiction to hear the appeal, contending: (1) the appeal is moot, as Antzes is not presently committed under Code § 19.2-181(1); and (2) this court has no jurisdiction of an appeal from a Code § 19.2-181(1) commitment order, as none has been conferred by the legislature. The Commonwealth further asserts that Antzes waived his objection to the preponderance of the evidence standard of proof, thus failing to preserve the alleged error for appeal.

We do not find anywhere in the pertinent statutes that the legislature has conferred jurisdiction on this Court to entertain an appeal of a Code § 19.2-181(1) commitment proceeding.

Antzes was charged with the malicious wounding of William Weany. The jury returned a verdict of not guilty by reason of insanity. Immediately after the verdict, the trial judge placed Antzes in the temporary custody of the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services, pursuant to Code § 19.2-181(1). At a hearing on January 26, 1990, held pursuant to the statute, the court ruled that a preponderance of the evidence showed Antzes to be a danger to himself and to others, and he was, accordingly, committed by an order entered February 21, 1990. It is from this order that the present appeal is

---

[1] Antzes also challenges the sufficiency of the evidence under either standard, an issue which we do not reach in this opinion.

taken.

■ Article VI, Section 1· of the Constitution of Virginia provides, in part, as follows:

[T]he General Assembly shall have the power to determine the original and appellate jurisdiction of the courts of the Commonwealth.

Pursuant to the Constitution of Virginia, the General Assembly enacted legislation establishing the Court of Appeals. Code § 17-116.01. Our jurisdiction has been carefully delineated by statute. *Grogg v. Commonwealth*, 6 Va. App. 598, 607, 371 S.E.2d 549, 553 (1988). Pertinent to our present inquiry is the conferring of jurisdiction in criminal matters by Code § 19.2-317(A) (formerly Code § 19.1-282), which provides:

A writ of error shall lie in a criminal case to the judgment of the circuit court or the judge thereof, from the Court of Appeals as provided in Code § 17-116.05:1.

Code § 17-116.05:1 provides in pertinent part:

(A) Any aggrieved party may present a petition for appeal to the Court of Appeals from (i) any final conviction in a circuit court of a traffic infraction or a crime, except where a sentence of death has been imposed. . . .

The Commonwealth argues that if the hearing held under Code § 19.2-181(1) is criminal in nature, we have no jurisdiction, as there has been no final conviction of a crime from which to appeal. Antzes was acquitted. We agree with this analysis.

Jurisdiction in civil matters has been conferred upon the Court of Appeals by Code § 17-116.05. However, an examination of that statute reveals no proceeding remotely resembling the proceeding at issue here.

Finally, we have jurisdiction conferred by Code § 19.2-181(5) to hear appeals from orders denying release of a committed person upon application of the hospital director or by the committed person pursuant to Code § 19.2-181(2) through Code § 19.2-181(4).[2]

---

[2] Code § 19.2-181(5) provides in pertinent part as follows:

The Commonwealth correctly contends that notable by its absence is any provision for an appeal from an order of commitment pursuant to Code § 19.2-181(1). The argument continues that under the basic maxim of statutory interpretation, *expressio unius est exclusio alterius*, Code § 19.2-181(5) must be construed to mean that the legislature has conferred no such jurisdiction upon this court.

Antzes characterizes the Commonwealth's analysis as a "tortured" reading of the statute and posits instead that the explicit statement of Code § 19.2-181(5), that the jurisdiction of the Court of Appeals for hearings under paragraphs two through four is necessary because these subsequent hearings are declared in paragraph three to be civil proceedings.

■ Regardless of which interpretation of the statute is correct, the ultimate fact is that the conferral of jurisdiction on the Court of Appeals by paragraph five does not apply to a commitment proceeding under paragraph one of Code § 19.2-181.

Appellant (Antzes) argues, however, that a proceeding under paragraph one of the statute is a criminal proceeding, and we have appellate jurisdiction due to the criminal subject matter. He cites *White v. Garraghty*, 2 Va. App. 117, 341 S.E.2d 402 (1986), and *Grogg v. Commonwealth*, 6 Va. App. 598, 371 S.E.2d 549 (1988) in support thereof. However, neither case presented the issue presently before us.

In *White*, the sole issue presented was whether this court had *original* jurisdiction under Code § 17-117.04 to issue writs of habeas corpus in criminal cases. The statute conferred *original* jurisdiction "in such cases over which the court would have appellate jurisdiction." The panel held that since we had subject matter jurisdiction over the issues raised in the petition, we had jurisdiction to entertain an original petition for habeas corpus. 2 Va. App. at 123, 341 S.E.2d at 405. No issue was presented whether a final judgment of conviction had been entered against the petitioner by a circuit court.

"Errors committed or allowed by the court having jurisdiction over the release proceedings set forth in subsections (2), (3) and (4) of this section shall be appealable to the Court of Appeals as in other criminal cases."

*Grogg* held that a juvenile transferred to circuit court for trial as an adult on criminal charges did not have an appeal of right due to his juvenile status, but rather that he had to petition for appeal. The court quoted, with approval, language from *White* that cases over which we have appellate jurisdiction are defined with reference to the subject matter of the case. 6 Va. App. at 608, 371 S.E.2d at 553. However appropriate such language may have been, considering the facts and issues before the court in *White* and *Grogg*, it cannot be used to supplement the direct and positive language of Code § 17-116.05:1 that a petition for appeal must be from "any final conviction" of a crime. Such is not the case before us.

Accordingly, we conclude that this appeal should have been filed in the Supreme Court of Virginia and pursuant to Code § 8.01-677.1, we transfer the case to that Court.

*Transferred to Supreme Court.*

Koontz, C.J., and Baker, J., concurred.