PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **16th** *day of* **June, 2020**.

Hoffman Partnership, LLP, t/a Lafayette Complex,
  by Garry Lee Hoffman, partner and Garry Lee Hoffman,                                    Petitioners,

 against              Record No. 0581-20-2

Circuit Court of Spotsylvania County,                                    Respondent.

Upon a Petition for a Writ of Prohibition

Before Judges O'Brien, Malveaux, and Senior Judge Frank

On April 15, 2020, Hoffman Partnership, LLP, by Garry Lee Hoffman and Garry Lee Hoffman, individually (collectively "petitioners"), filed a petition for writ of prohibition directed to the presiding judge of the Circuit Court of Spotsylvania County ("respondent") in a pending divorce case. Petitioners pray that this Court issue a writ of prohibition to the circuit court to prohibit the presiding judge from exercising jurisdiction over them in the divorce proceedings, and prohibit enforcement of a *pendente lite* order entered in December 2017 and a contempt order entered in April 2019 in those proceedings.

The respondent moved to dismiss the petition, arguing that this Court does not have jurisdiction to consider it and that prohibition does not lie under the circumstances. Beth Lee Hoffman ("wife"), a party in interest opposed to the relief sought, filed a separate response through her private counsel.[1] Upon consideration of the verified petition and brief in support, and the motions to dismiss and briefs in support, we deny the petition.

---

[1] Wife also asserts that husband does not have authority to act on behalf of the partnership, over which the circuit court granted her management authority; thus we should dismiss the partnership from the petition. Given our disposition of the petition, we find it unnecessary to address this argument. The doctrine of judicial restraint requires us to decide the case on the "best and narrowest" grounds. See, e.g., Chaney v. Karabaic-Chaney, 71 Va. App. 431, 438 (2020); Commonwealth v. Swann, 290 Va. 194, 196 (2015).

## Background

On September 18, 2017, wife filed for divorce from Garry Lee Hoffman ("husband") in the Circuit Court of Spotsylvania County. See Renee Beth Hoffman v. Garry Lee Hoffman, Record No. CL17-1502. Petitioner Hoffman Partnership, LLP ("the partnership") is a limited liability partnership, in which husband and wife are sole partners.[2] The partnership owns several parcels of real property in Fredericksburg and generates income through rent collected from those properties.

Wife's complaint for divorce sought, *inter alia*, a no-fault divorce, spousal support or a reservation of support, and equitable distribution of the marital estate. As relevant here, wife expressly prayed in the complaint for divorce that she "be permitted to continue to manage" the partnership, both *pendente lite* and permanently. Wife affirmatively alleged that the partnership was "a marital enterprise" and she had managed the partnership during the marriage. Husband filed a counterclaim for divorce in which he also sought, *inter alia*, equitable distribution of the marital estate; the counterclaim did not separately address the partnership or controvert wife's assertion that it was marital property.[3]

On December 18, 2017, following a hearing on the record, the circuit court entered a *pendente lite* order. Among other things, the *pendente lite* order awarded wife control and management of the partnership; thus, wife was to "be responsible for making daily decisions" regarding the partnership and to "apprise" husband, through counsel, "of all managerial decisions regarding" the partnership. To facilitate its order, the circuit court directed husband to provide wife "with all information, files, and documentation necessary to manage" the partnership, "including, but not limited to, keys, checkbooks, receipt books, a copy of [the partnership's] QuickBooks programs, copies of bank statements for this business, access to all bank accounts

---

[2] The original partnership was formed on May 29, 1987; it issued a restatement of partnership on May 31, 2001; and it registered with the State Corporation Commission as a limited liability partnership on February 25, 2002.

[3] The voluminous materials presented to this Court do not include any answer to wife's complaint that husband may have filed.

holding any funds of [the partnership] and a list of any known repairs or tenant concerns that need to be addressed." Husband did not comply with the circuit court's order.

Following hearings on a rule to show cause, the circuit court found husband in contempt of court by order entered on April 16, 2019 ("contempt order"). To purge the contempt, the circuit court ordered husband to deliver to wife all the items delineated in the *pendente lite* order "by no later than March 5, 2019 at 4:00 p.m." and also to disclose to wife "the location of any and all funds previously contained" in any previous bank account of the partnership "that is now closed."[4] The contempt order also included provisions in the event that wife was not able to obtain all the required information.

The parties aver that a trial is scheduled for March 24-26, 2021.

<u>Petition for Writ of Prohibition</u>

Petitioners argue that the circuit court's *pendente lite* and contempt order infringe upon their statutory rights under Code § 50-73.99 to participate in the management and conduct of the partnership. According to petitioners, prohibition directed to the circuit court is appropriate in this matter because the circuit court has acted beyond its jurisdiction by essentially dictating the management of the partnership and foreclosing husband from his statutory right to participate in the management of the partnership. In petitioners' view, husband must forgo statutory rights conferred upon him as a partner to comply with the circuit court's orders and the partnership "suffers detriment" without the benefit of husband's input in the business. Petitioners ask this Court to prohibit the circuit court from exercising jurisdiction over them in the pending divorce proceedings, and to enjoin enforcement of the *pendente lite* and contempt order.

Respondent and wife argue that this Court does not have jurisdiction in this matter because the challenged orders are not final orders. They further contend that prohibition does not lie because the circuit court has subject matter jurisdiction in the pending divorce proceedings; thus, it has the statutory authority to

---

[4] The circuit court stated that it would issue a capias for husband if he did not comply.

enter orders in those proceedings.  Finally, respondent and wife note that petitioners have an adequate remedy at law.

Analysis

"Before the merits of this case can be considered, [this Court] must determine whether it has jurisdiction."  Guan v. Ran, 70 Va. App. 153, 155 (2019) (quoting Minor v. Commonwealth, 66 Va. App. 728, 738 (2016)).  This Court's jurisdiction presents a question of law, which we review *de novo*.  Id. at 156. Respondent and wife contend that this Court lacks jurisdiction because petitioners seek to enjoin enforcement of orders that are not final in the circuit court.  They assert that because the challenged orders are not final orders, we do not have subject matter jurisdiction to act on the petition.  We disagree.

"Subject matter jurisdiction is the authority granted through constitution or statute to adjudicate a class of cases or controversies."  Martinez v. Commonwealth, 296 Va. 387, 388 (2018) (quoting Gray v. Binder, 294 Va. 268, 275 (2017)).  Our original jurisdiction over a writ of prohibition is governed by Code § 17.1-404, which provides, in pertinent part, that "in such cases over which the court *would* have appellate jurisdiction, the court *shall* have original jurisdiction to issue writs of mandamus, prohibition and habeas corpus."  (Emphases added).

"When interpreting a statute, 'our primary objective is to ascertain and give effect to the legislative intent, which "is initially found in the words of the statute itself."'"  Jacobs v. Wilcoxson, 71 Va. App. 521, 524 (2020) (quoting Chaffins v. Atlantic Coast Pipeline, 293 Va. 564, 568 (2017)).  "The Court presumes that the legislature has purposefully chosen the precise statutory language, 'and we are bound by those words when we apply the statute.'"  David v. David, 287 Va. 231, 240 (2014) (quoting Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 100 (2001)).  "[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional."  Id. (quoting Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337 (2011)) (alteration in original).

-4-

Although we have not had occasion to examine the scope of our original jurisdiction in the context of a petition for a writ of prohibition, we have addressed it in the analogous context of our original jurisdiction to consider a petition for a writ of habeas corpus. See White v. Garraghty, 2 Va. App. 117 (1986) (addressing this Court's original jurisdiction over a petition for a writ of habeas corpus in a criminal case).[5] In White, the petitioner filed a petition for writ of habeas corpus under this Court's original jurisdiction challenging the validity of criminal convictions "on grounds of double jeopardy and ineffective assistance of counsel." Id. at 118. We held that although we do not have appellate jurisdiction to consider appeals of habeas corpus petitions filed in the circuit courts, we nevertheless had original jurisdiction to consider White's habeas corpus petition because we concluded that "the 'cases' over which we have 'appellate jurisdiction' are defined with reference to the subject matter of the case and not the procedural means used to raise the issues." Id. at 123. Thus, because we had "*subject matter* jurisdiction over the issues raised" in the habeas corpus petition, the petition fell within the statutory grant of this Court's original jurisdiction. Id.

We conclude that the same analysis applies in this matter. Under Code § 17.1-405(3)(b) and (f), this Court has appellate jurisdiction over matters involving divorce and "[a]ny other domestic relations matter arising under Title 16.1 or Title 20[.]" Further, Code § 19.2-318 provides that in cases involving "a judgment for any civil contempt of court an appeal may be taken to the Court of Appeals." Thus, the *issues* raised in the petition for a writ of prohibition fall within our subject matter jurisdiction. Stated another way, if the matter were ripe for appeal, we "would have appellate jurisdiction" over the case; thus, we have jurisdiction over the writ of prohibition. Code § 17.1-404.

We acknowledge but reject respondent's and wife's contention that a final order is necessary to invoke this Court's original jurisdiction to issue a writ of prohibition. "[T]he word 'would' is the conditional form of the word 'will,' and denotes a 'desire or inclination to act in a particular way *in contrast to* means or

_____

[5] White addressed the question under the statutes then in force, Code §§ 17-116.04, 17-116.05, and 17-116.05(1). The substantive language did not change when the statues were recodified in Code §§ 17.1-404, 17.1-405, and 17.1-406.

ability.'" In Re: Watford, 295 Va. 114, 123 (2018) (quoting Webster's Third New International Dictionary 2617, 2637-38 (1993) and discussing the significance of an amendment in the actual innocence statutes from "could" to "would"). "[W]e will not interpret a statute in a way that leads to unreasonable or absurd results." Jacobs, 71 Va. App. at 526. "The phrase 'absurd result' has a specific meaning in our jurisprudence. It 'describe[s] situations in which the law would be internally inconsistent or otherwise incapable of operation.'" Id. (quoting Chaffins, 293 Va. at 570) (alteration in original). Construing Code § 17.1-404 in the manner respondent and wife posit would thwart the very purpose of the writ—which is to prevent a lower court from acting. See In Re: Commonwealth of Virginia, 278 Va. 1, 17 (2009) ("The writ of prohibition, as its name imports, is one which commands the person to whom it is directed not to do something which . . . the court is informed he is about to do." (quoting In Re: Department of Corrections, 222 Va. 454, 461 (1981))) (alteration in original). Thus, we conclude that we have jurisdiction to consider the petition, the merits of which we turn to now.

"A writ of '[p]rohibition is an extraordinary remedy issued by a superior court to prevent an inferior court from exercising jurisdiction over matters not within its cognizance where damage or injustice is likely to follow from such action.'" In Re: Vauter, 292 Va. 761, 768 (2016) (quoting King v. Hennessy, 203 Va 582, 585 (1962)). This writ is employed "with great caution and forbearance, for the furtherance of justice." Id. at 769 (quoting Supervisors of Bedford v. Wingfield, 68 Va. (27 Gratt.) 329, 333 (1876)). "[T]he writ is never allowed to usurp the functions of a writ of error, and can never be employed as a process for the correction of errors of inferior tribunals." Id. at 768 (quoting Wingfield, 68 Va. (27 Gratt.) at 334).

"Jurisdiction is 'the power to adjudicate a case upon the merits and dispose of it as justice may require.'" In Re: Commonwealth's Attorney, 265 Va. 313, 317 (2003) (quoting County School Bd. v. Snead, 198 Va. 100, 104-05 (1956)). Under settled principles, if "the court or judge has jurisdiction to enter any order in the proceeding sought to be prohibited, the writ does not lie." In Re: Johnston, 3 Va. App. 492, 496 (1986) (quoting Grief v. Kegley, 115 Va. 552, 557 (1913)). Thus, a writ of prohibition will not lie against the Circuit Court of Spotsylvania County, or the presiding judge, if the circuit court has jurisdiction to adjudicate

and to enter any order in the proceedings involving husband and wife's divorce. Commonwealth's Attorney, 265 Va. at 317.

The circuit courts in this Commonwealth have subject matter jurisdiction over divorce proceedings and related matters, including the division of marital property. "The circuit court shall have jurisdiction of suits for annulling or affirming marriage and for divorces, and claims for separate maintenance, and such suits shall be heard by the judge as equitable claims." Code § 20-96. Moreover, the circuit court has jurisdiction over the marital property.

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, . . . the court, *upon request of either party*, (i) shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property in accordance with subdivision 3 and (ii) shall determine the nature of all debts of the parties, or either of them, and shall consider which of such debts is separate debt and which is marital debt. The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue.

Code § 20-107.3(A) (emphasis added). Finally, while a divorce suit is pending, Code § 20-103(A)(vii) authorizes the circuit court to enter orders "to preserve the estate of either spouse, so that it be forthcoming to meet any decree which may be made in the suit[.]"

Wife expressly asserted in her complaint for divorce that the partnership was marital property and asked the circuit court to award her the right to control and manage the partnership. Upon review, we find that the circuit court has subject matter jurisdiction over the divorce proceedings, including the power to "determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property." Code § 20-107.3(A). "[I]f the inferior court has jurisdiction of the subject matter of the controversy, and the parties are before it, . . . a mistaken exercise of that jurisdiction does not render its judgment void." Parrish v. Jessee, 250 Va. 514, 521 (1995) (quoting County School Bd. v. Snead, 198 Va. 100, 107 (1956)) (alterations in original). "[T]he court has

jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." Id. (quoting Farant Investment Corp. v. Francis, 138 Va. 417, 436 (1924)) (alterations in original). Thus, the writ of prohibition does not lie in this case.

Moreover, as noted, the writ of prohibition "is one which commands the person to whom it is directed *not* to do something." In Re: Commonwealth, 278 Va. at 17 (quoting Department of Corrections, 222 Va. at 461) (emphasis added). "If the thing be already done, it is manifest the writ of prohibition cannot undo it, for that would require an affirmative act; and the only effect of a writ of prohibition is to suspend all action, and to prevent any further proceeding in the prohibited direction." Id. Here, the circuit court has already entered two orders directing husband, not the partnership, to undertake certain actions. Prohibition does not lie to "undo" those orders. Id.

We note that "a 'refusal to award a writ of prohibition does not deprive the litigants of a trial of the controversy on its merits.'" Vauter, 292 Va. at 771 (quoting Snead, 198 Va. at 107). Therefore, because the Circuit Court of Spotsylvania County has jurisdiction over the subject matter of the controversy and husband has alternative remedies, we refuse the petitioners' request for a writ of prohibition. See id.

This order shall be published.

A Copy,
Teste:

Cynthia L. McCoy, Clerk
*original order signed by the Chief Deputy Clerk of the*
By: *Court of Appeals of Virginia at the direction*
*of the Court*

Deputy Clerk