**\*AMENDED BLD-113**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4720
_____

IN RE:  MATTHEW TUCKER,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 13-cv-04417)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 12, 2015

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  March 9, 2015)
_____

OPINION*
_____

PER CURIAM

Matthew Tucker, proceeding pro se, submits a petition for a writ of mandamus to

compel the United States District Court for the District of New Jersey to rule on a motion

for reconsideration he filed on April 17, 2014 (which he identifies as ECF No. 91).  He

also appears to request that we direct the Clerk of the District Court, William T. Walsh,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to amend some of the docket entries in his District Court case, so that their language exactly mirrors the language he uses on his filings. For the reasons that follow, we will deny the petition.

On December 23, 2014, while Tucker's mandamus petition was pending, the District Court denied the motion for reconsideration (citing ECF No. 91 in ECF No. 175). Accordingly, we will deny as moot Tucker's request for a writ of mandamus directing the District Court to rule on it. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).[1]

To the extent Tucker seeks a writ of mandamus directing the Clerk of the District Court to amend information in the District Court docket entries, the request is denied. Mandamus is a remedy appropriate only in extraordinary circumstances. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Tucker, whose filings are exceedingly difficult to read, and who does not show that he has tried to resolve his complaint with the District Court Clerk's Office or through the District Court, has not established that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other adequate means to obtain the desired relief." Id. Given the difficulty the Clerk must encounter in deciphering the exact title of Tucker's numerous filings, even if Tucker met the standard for mandamus relief, we would decline to exercise our discretion to grant it on his claim.

---

[1] We observe that Tucker has already filed an appeal (in connection with D.N.J. Civ. No. 13-cv-04417) of the District Court's December 23, 2014 order denying reconsideration. That appeal remains pending at C.A. No. 15-1166 and has been listed by the Clerk for dismissal due to a possible jurisdictional defect.

2

For these reasons, we deny Tucker's mandamus petition. We also deny Tucker's remaining pending motions, including his motion for compensatory and punitive damages, his motion to compel, his motion requesting the imposition of liens, his motion for this Court to accept evidence, and his motion for an extension of time to pay the fees for this action. Regarding his motion for an extension of time, we note that it is unnecessary because we granted his request to proceed in forma pauperis by order entered January 9, 2015.