AMENDED DLD-150                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1314
_____

IN RE:  MATTHEW TUCKER,

                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 2, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

      Matthew Tucker has been civilly committed to New Jersey state psychiatric

facilities for periods of time since being acquitted, by reason of insanity, of murdering his

nephew in 1989.  He has been a prolific litigator over the years and has filed almost 50

actions in the District Court and almost 60 appeals and other proceedings with this Court.

These proceedings have included multiple challenges to his civil commitment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

At issue here is a handwritten document that Tucker filed with this Court and that has been docketed as a petition for a writ of mandamus. Tucker's petition is almost entirely illegible, and we discern no potential basis for mandamus relief.[1] "Traditionally, the writ of mandamus has been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." United States v. Higdon, 638 F.3d 233, 245 (3d Cir. 2011) (quotation marks omitted). Tucker has many actions pending in the District Court, but his petition does not appear to refer to any of them.[2]

---

constitute binding precedent.

[1] We have noted Tucker's largely illegible handwriting before. See, e.g., In re Tucker, 598 F. App'x 813, 813 (3d Cir. 2015) (per curiam). If Tucker submits any future filings, he should do so in typewritten form if possible or consider seeking out the assistance of someone who can help him in writing them more legibly. We do not suggest that Tucker is legally entitled to any such assistance. Instead, we merely note that if there are any future filings, it would be helpful to the courts in identifying and considering his requests for relief for them to be legible.

[2] From 2013 through 2015, Tucker filed at least 13 largely illegible petitions or complaints in the District Court and inundated the District Court with numerous other filings. The District Court dismissed those actions, in most cases without prejudice to Tucker's ability to either file an amended pleading or to designate a single filing to serve as his operative pleading. Tucker appealed from those rulings, and we dismissed his appeals because those rulings were not immediately appealable under 28 U.S.C. § 1291. (C.A. Nos. 14-1959 through 14-1968, 16-1631 through 16-1633, 16-2016.) Those actions remain pending in the District Court. To the extent that Tucker's petition could be read to challenge the District Court's rulings, the District Court has discretion in controlling its dockets and we discern no basis for mandamus relief at this time. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Instead, it appears that Tucker seeks to challenge his commitment on double jeopardy and other grounds, and he appears to seek immediate release.[3] We generally lack jurisdiction to consider requests for habeas relief in the first instance. See United States v. Brooks, 230 F.3d 643, 646 n.3 (3d Cir. 2000), on reh'g on other grounds, United States v. Brooks, 245 F.3d 291 (3d Cir. 2001). Tucker can challenge his current order of commitment in the District Court to the extent that he may not already have done so.[4] We express no opinion on the merits of any such challenge.

Tucker's motions for leave to supplement his mandamus petition are granted. His mandamus petition will be denied. To the extent that Tucker's filings request any other form of relief, they are denied as well.

---

[3] Tucker was initially civilly committed in 1991. He apparently was released at some point thereafter but was committed again in 2001. Civilly committed individuals in New Jersey receive periodic hearings to determine whether commitment remains appropriate. See In re Commitment of W.K., 731 A.2d 482, 483 (N.J. 1999) (per curiam). In his mandamus petition, Tucker appears to refer to a 2016 state-court order or proceeding. He also cites the New Jersey statutes governing civil commitment, see N.J. Stat. Ann. § 2C:4-8, and double jeopardy, see N.J. Stat. Ann. § 2C:1-9. Thus, Tucker may be attempting to raise a double-jeopardy challenge to his current order of commitment. Unfortunately, however, we cannot discern the precise nature of his request for relief.

[4] In 2014, Tucker filed motions in a closed habeas proceeding in which he previously challenged his 2001 commitment order. The District Court denied those motions because Tucker was then under a 2011 commitment order and would have to file a new petition to challenge that order. We denied a certificate of appealability. (C.A. No. 14-2661.) It is not immediately apparent whether Tucker has sought to challenge his current commitment order in any of his proceedings, but we note that at least some of them are docketed as habeas proceedings.