DLD-333                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2543
_____

IN RE:  MATTHEW TUCKER,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-15-cv-04433)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 10, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: September 5, 2017)
_____

OPINION*
_____

PER CURIAM

    Matthew Tucker has been civilly committed to New Jersey state psychiatric

facilities for periods of time since being acquitted, by reason of insanity, of murdering his

nephew in 1989.  Tucker has been a prolific litigator over the years and has filed almost

50 actions in the District Court and 60 appeals and other proceedings with this Court.  In

his proceedings, Tucker routinely inundates the courts with incessant and largely illegible

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filings. Most recently, Tucker filed a mandamus petition at C.A. No. 17-1314. We denied it. See In re Tucker, No. 17-1314, 2017 WL 1097128 (3d Cir. Mar. 23, 2017). In doing so, we described his most recent history of litigation and the claims that he appears to be attempting to raise.

At issue here are another mandamus petition and related filings, which we will also deny. Although Tucker's filings are largely illegible,[1] we can discern that he seeks relief relating to his civil action at D.N.J. 2-15-cv-4433. In that action, Tucker filed a "petition" naming the State of New Jersey and other respondents and then followed it with over 50 more filings. The District Court entered an order directing Tucker to identify a single document that he wished to serve as his operative pleading. The District Court also administratively closed the case. Tucker appealed, but we dismissed his appeal because the District Court's decision was not final for purposes of 28 U.S.C. § 1291. (C.A. No. 16-1631, Aug. 9, 2016.) Since then, Tucker has filed over 50 more documents in the District Court, including a document docketed as a "motion to reopen" at ECF No. 78 and a document apparently seeking an injunction at ECF No. 126.

Tucker now appears to request an order directing the District Court to rule on those two filings. Mandamus is an extraordinary remedy that we have the discretion to grant when, inter alia, "undue delay is tantamount to a failure to exercise jurisdiction."

---

[1] In denying Tucker's previous mandamus petition, we encouraged him to submit any further filings "in typewritten form if possible or [to] consider seeking out the assistance of someone who can help him in writing them more legibly." Tucker, 2017 WL 1097128, at *1 n.1. We repeat that suggestion here.

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Such is not the case here. Tucker's filing at ECF No. 126 was docketed on July 6, 2017, and we cannot discern from Tucker's filings any reason why an immediate ruling might be required. Tucker's filing at ECF No. 78 was docketed on August 9, 2016. Ordinarily, the length of time since then might raise concerns.

Since filing that document, however, Tucker has continued to file, on a monthly basis, voluminous and largely illegible documents totaling 52 additional filings through July of this year. Many of these filings, if not all, seek to supplement his claims in largely unintelligible ways. This was the same problem that led the District Court to order Tucker to identify one operative pleading in the first place.

We cannot say that the District Court is required to rule on the document at ECF No. 78 at this point given Tucker's repeated and ongoing attempts to supplement his claims. If Tucker were to file a single document clearly identifying itself or a previous filing as the operative pleading, and if Tucker were then to refrain from filing additional documents for some appreciable period of time and allow the District Court to rule, then the District Court might have an obligation to do so. Under the present circumstances, however, we cannot say that it does.

For these reasons, we will deny Tucker's mandamus petition. Tucker's requests to supplement his petition and accept additional evidence, arguments and filings are granted. All of Tucker's other requests, including his request that we consolidate this proceeding with C.A. No. 17-1314, are denied.